GARY LYNN WARD *v.* STATE OF MARYLAND

[No. 1237, September Term, 1976.]

*Decided July 11, 1977.*

The cause was argued before THOMPSON, POWERS and LOWE, JJ.

*Richard D. Paugh,* with whom was *Thomas L. Beight* on the brief, for appellant.

*Gilbert Rosenthal, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Andrew L. Sonner, State's Attorney for Montgomery County,* and *Louis S. Lear, Assistant State's Attorney for Montgomery County,* on the brief, for appellee.

POWERS, J., delivered the opinion of the Court.

Code, Art. 27, § 737, enacted by Acts of 1975, ch. 260, gives a person charged with the commission of a crime the right, under specified circumstances, to file a petition [1] requesting expungement of both the police records and the court records pertaining to the charge.

The circumstances, listed in § 737 (a), are that the petition may be filed if the person charged

(1) Is acquitted, or
(2) The charge is otherwise dismissed or quashed, or
(3) A judgment of probation without finding a verdict is entered, or
(4) A nolle prosequi is entered, or
(5) The proceeding is placed on the stet docket.

Subsection (c) requires a waiting period of three years after the judgment or order before the petition may be filed, except that there is no waiting period if the person is

---

1. The petition is filed in the court in which the proceeding was commenced, unless the case was transferred to another court, in which case it is filed in the court to which the proceeding was transferred.

acquitted (1), or if the charge is otherwise dismissed or quashed (2).

Under subsection (d), unless the State's Attorney files an objection, the court shall enter an order requiring the expungement.

If the State's Attorney objects, subsection (e), the court shall conduct a hearing. If the person is entitled to expungement, the court shall order it, and if not, it shall deny the petition.

The statute seems to lodge no discretion in the court, but to mandate either granting or denying the relief, based upon statutorily defined entitlement, or the lack of it. Subsection (e) goes on to provide that if there was probation without finding a verdict (3), or a nolle prosequi (4), or placement on the stet docket (5), the person is not entitled to expungement if he has since been convicted of any crime (most vehicle and traffic laws or regulations excepted), or if he is then a defendant in a pending criminal proceeding.

Appellant, Gary Lynn Ward, was charged in five counts of an indictment returned in Montgomery County on 5 April 1973, with murder in the second degree, manslaughter, child abuse, assault and battery, and assault. On 21 June 1973 the State entered a nolle prosequi as to all charges. On 16 August 1976, after having waited more than three years, Ward filed a petition for expungement of the records. The State's Attorney filed an objection, stating that on 4 November 1974 Ward was convicted of larceny under $100.

At a hearing in chambers on 22 October 1976 Judge Joseph M. Mathias denied Ward's petition to expunge the records, because of the criminal conviction. Ward's counsel, with leave of court, filed in the case a memorandum of the constitutional questions raised at the hearing. Ward took this appeal from the order denying the petition.

Before 1 July 1975 there was no general statutory authorization for expungement of arrest records, or records of criminal courts. A specific authorization in connection with certain drug abuse cases is found in Code, Art. 27, § 292. In *Doe v. Comdr., Wheaton Police Dep't.*, 273 Md. 262,

329 A. 2d 35 (1974), the Court of Appeals held that a court of equity had subject matter jurisdiction to entertain a petition seeking expungement of arrest records in connection with a criminal charge which was terminated by entry of a nolle prosequi.

The opinion relied substantially upon the inherent power of equity to provide a remedy when necessary to preserve basic legal rights, where no other remedy exists. It said that the right of privacy is protected by the Constitution, and observed that there was then no available statutory remedy in Maryland.

In this appeal Ward both relies upon the statute, Art. 27, § 737, as the basis of his right to expungement, and at the same time asserts that the statute unconstitutionally denies him equal protection and due process. He asserts no right under inherent equity jurisdiction, and, of course, his petition attempts to invoke only the statutory power of the criminal court.

The questions raised, as appellant presents them, are:

1. Does the classification of a Nolle Prosequi contained in Article 27, Section 737 (e) of the Annotated Code of Maryland violate the Equal Protection Clause of the 14th Amendment of the United States Constitution as applied to the Appellant?

2. Is the classification of a Nolle Prosequi as opposed to an Acquittal contained in Article 27, Section 737 (e) of the Annotated Code of Maryland a discriminatory classification under the Equal Protection Clause of the United States Constitution and therefore unconstitutional?

3. Is the Appellant denied due process of law when the State enters a Nolle Prosequi as opposed to trying the case, thus denying the Appellant the possibility of obtaining an acquittal so as to be entitled to expungement immediately as opposed to the three year waiting period

required under Article 27, Section 737 (c) of the Annotated Code of Maryland when a Nolle Prosequi is entered by the State?

Questions 1 and 2 seem to state the same issue in somewhat different words. In more simple words, the argument is that it is unfair and unreasonable to give the right of expungement to an acquitted defendant immediately, but to require a three year wait by one whose case ended in a nolle prosequi.

Question 3, in which appellant invokes the due process clause, is difficult to understand. Under it he argues that Art. 27, § 737 (e) (1) — immediate expungement after acquittal — is unfair to him, because he could not oppose a nolle prosequi. To the extent that his question raises unfairness between the two, it is not different from the equal protection argument. To the extent that he questions the right of the State to enter a nolle prosequi, we decline to consider it, because it was not raised below. Maryland Rule 1085.

The equal protection argument — that there is no rational basis for distinguishing between acquitted defendants and nolle prossed defendants — has no merit.

Legislative classifications are not required to be perfect. They are constitutional if they have a rational basis. At the outset, they are presumed to be constitutional. The United States Supreme Court said in *McGowan v. Maryland*, 366 U. S. 420, 81 S. Ct. 1101, 6 L.Ed.2d 393 (1961) at 425-26:

"The standards under which this proposition is to be evaluated have been set forth many times by this Court. Although no precise formula has been developed, the Court has held that the Fourteenth Amendment permits the States a wide scope of discretion in enacting laws which affect some groups of citizens differently than others. The constitutional safeguard is offended only if the

classification rests on grounds wholly irrelevant to the achievement of the State's objective. State legislatures are presumed to have acted within their constitutional power despite the fact that, in practice, their laws result in some inequality. A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it."

In *Adm'r, Motor Veh. Adm. v. Vogt,* 267 Md. 660, 299 A. 2d 1 (1973), the Court of Appeals considered a claim that a statutory classification relating to licensing of scrap processors and wreckers of motor vehicles was arbitrary, and bore no reasonable relation to the legislation. The Court discussed the effect of the equal protection clause on State legislative classifications. It said, at 671-72:

"One of the leading cases decided by the Supreme Court on this issue is *Lindsley v. Natural Carbonic Gas Co.,* 220 U. S. 61, 31 S. Ct. 337, 55 L. Ed. 369 (1911), which this Court has cited with approval on more than one occasion. Referring to a contention similar to that advanced by appellees, the Court there said:

'The rules by which this contention must be tested, as is shown by repeated decisions of this court, are these:

'1. The equal protection clause of the Fourteenth Amendment does not take from the State the power to classify in the adoption of police laws, but admits of the exercise of a *wide scope of discretion* in that regard, and avoids what is done only when it is without *any* reasonable basis and therefore is purely arbitrary.

'2. A classification having *some* reasonable basis does not offend against

that clause merely because it is not made with mathematical nicety or because in practice it results in *some* inequality.

'3. When the classification in such a law is called in question, *if any state of facts reasonably can be conceived* that would sustain it, the existence of that state of facts at the time the law was enacted must be assumed.

'4. One who assails the classification in such a law must carry the burden of showing that it does not rest upon any reasonable basis, but is essentially arbitrary. (citations omitted)' 220 U. S. at 78-79 (all emphasis added).

While more than sixty years have passed since that decision, in the course of which many cases have been decided on the same issue, the principles enunciated there have lost none of their vitality."

See also *Matter of Trader*, 272 Md. 364, 325 A. 2d 398 (1974) and *Davidson v. Miller*, 276 Md. 54, 344 A. 2d 422 (1975), both involving classifications on a territorial basis, but applying the same "rational basis" principle.

One charged with a crime who has been tried and found not guilty may not be charged with that crime again.

One charged with a crime but not tried, because the State (at least temporarily) has decided not to proceed, may be charged again and tried.

To state the difference is to see the difference. It is real, and it is pertinent. It is not artificial, nor is it irrelevant to the purpose of the statute. It does not discriminate on the basis of color, creed, sex, religion, race, residence, or social, economic, or educational status. It rests upon no scheme of invidious discrimination.

Appellant utterly fails to sustain the burden upon him of proving that the legislative classification does not rest on

any reasonable basis. *Prince George's Co. v. McBride*, 268 Md. 522, 302 A. 2d 620 (1973).

We decline to hold that Code, Art. 27, § 737, is unconstitutional as applied to the appellant. The hearing judge had no alternative but to deny appellant's petition for expungement.

*Order affirmed.*
*Appellant to pay costs.*