720 A.2d 1210

**Kenneth JACKSON**

v.

**STATE of Maryland.**

**No. 200, Sept. Term, 1998.**

Court of Special Appeals of Maryland.

Dec. 2, 1998.

Kim Germaine Judd (Warren A. Brown, P.A., on the brief), Baltimore, for Appellant.

Rachel Marblestone Kamins, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen. and Patricia Jessamy, State's Atty. for Baltimore City, on the brief), Baltimore, for Appellee.

Argued before HARRELL, J., JAMES S. GETTY, Judge (retired), Specially Assigned, and ESSOM V. RICKS, Judge, Specially Assigned.

JAMES S. GETTY, Judge (retired), Specially Assigned.

At the conclusion of a court trial in the Circuit Court for Baltimore City, Kenneth Jackson's petition for expungement of a *nolle prosequi* entered by the State on December 12, 1979, was denied.[1] Judge Joseph P. McCurdy, Jr., denied appellant's petition based upon the fact that he was convicted of another criminal offense, punishable by imprisonment, that occurred after the entry of the *nolle prosequi*.

Appellant contends that the statutory provisions governing expungement of a *nolle prosequi*, set forth in Md.Code Ann. Art. 27, sec. 737, violated both the Rule of Lenity and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. We disagree with appellant's argument and explain our reasons for affirming the decision of the trial court.

By way of background, we point out that prior to July 1, 1975, the legislature had not provided any statutory procedure for expunging arrest records or criminal court records. Art. 27, sec. 737, adopted by Chapter 260, Laws of 1975, provides for expungement of police and court records under certain statutory conditions of entitlement. The statute allows for no discretion in deciding questions of entitlement to expungement; relief is either granted or denied based upon compliance with the requirements of the statute.

---

1. Due to a technical problem, the proceedings were not recorded. The parties stipulated to the facts relevant to this appeal. The stipulation does not include the offense or offenses appellant was charged with that were not prosecuted.

Art. 27, sec. 737(a), provides that a person charged with the commission of a crime may file a petition requesting expungement of the records pertaining to the charge if:

(1) The person is acquitted,

(2) The charge is otherwise dismissed or quashed,

(3) A judgment of probation before judgment is entered,

(4) A *nolle prosequi* is entered,

(5) The proceeding is placed on the stet docket,

(6) The case is compromised pursuant to article 27, sec. 766 of this Code,

(7) The person is convicted of only one criminal act, which is not a crime of violence, and is subsequently granted a full and unconditional pardon by the Governor, or

(8) The case was transferred to juvenile court jurisdiction under Sec. 594A of this article.

Article 27, sec. 737, subsections (d), (e), (f), (g) and (h) set forth the earliest date for filing a petition for expungement. Generally, a petition may not be filed earlier than three years after the date of disposition of charges. The three year limitation applies to disposition by acquittal, *nolle prosequi,* dismissal of a charge, probation before judgment, stet, or compromise. In case of an unconditional pardon by the Governor, the petition may not be filed earlier than five years nor later than ten years after the signing of the pardon. Subsection (h), however, allows a court to grant a petition of expungement "at any time" on a showing of good cause by the petitioner.

Article 27, sec. 737(j), relates to a hearing by the court. It provides:

If the State's Attorney files a timely objection to the petition, the court shall conduct a hearing. If the court finds that the person is entitled to expungement, it shall enter an order requiring the expungement of police records and all court records pertaining to the charge. Otherwise, it shall deny the petition. If the petition is based upon the entry of a judgment of probation before judgment, a *nolle prosequi,*

placement on the stet docket, or a full and unconditional pardon by the Governor, the person is not entitled to expungement if:

(1) He has since been convicted of any crime, other than violations of the State vehicle laws or other traffic laws, ordinances or regulations not carrying a possible sentence of imprisonment; or

(2) He is then a defendant in a pending criminal proceeding.

## Discussion

■ Appellant argues that the Rule of Lenity[2] applies herein, because "an ambiguity exists in the language of the statute." The language appellant refers to as creating an ambiguity appears in Art. 27, sec. 737(j)(1), to-wit: "has *since* been convicted of any crime other than violations of the state vehicle laws...." Appellant finds the statute unclear as to whether the word *since* refers to the institution of the *nolle prosequi,* the filing of the petition for expungement, or to some other point in time. Under the Rule of Lenity, appellant opts for the predicate action being the filing of the petition for expungement. As best we can discern from the stipulation of facts, appellant was convicted of a criminal offense involving incarceration after the entry of the *nolle prosequi* on December 12, 1979, but prior to the initiation of the expungement proceedings. Thus, under appellant's construction of the statute, he is eligible for expungement because he has not been convicted of a crime since he filed his petition to expunge the *nolle prosequi.* Clearly, the legislature did not intend denial of expungement to be predicated only on offenses occurring *after* the filing of the petition. We explain.

■■ The Rule of Lenity is intended to resolve an ambiguity, not create one where none exists. *Jones v. State,* 336 Md. 255, 261, 647 A.2d 1204 (1994). The Rule is not applicable

---

2. The Rule of Lenity requires that in cases where statutory interpretation is ambiguous, doubts are resolved in favor of the criminal defendant. *Gargliano v. State,* 334 Md. 428, 437, 639 A.2d 675 (1994).

herein because the statute is not ambiguous. When interpreting statutory language, we give the words of the statute their ordinary and natural meaning absent some indication to the contrary. *Atkinson v. State,* 331 Md. 199, 215, 627 A.2d 1019 (1993). The words "since been convicted" clearly refer back to the predicate action of the "entry of a *nolle prosequi.*"

The fallacy in appellant's interpretation of the statute is undermined further by the preprinted form utilized by the Circuit Court for Baltimore City in petitions for expungement. The form states, as a necessary averment by a petitioner, that "More than three years have passed since the disposition of the charges, and I have not since been convicted of any crime or any motor vehicle violation carrying a possible sentence of imprisonment." The word "since" clearly refers back to the disposition of the charges, which, in the case before us, was the *nolle prosequi.* The legislative intent that only those who are not repeat offenders may obtain expungement is also evident from the wording of Art. 27, sec. 737(j)(2), which denies expungement if the applicant is then a defendant in a *pending* criminal proceeding.

*Ward v. State,* 37 Md.App. 34, 375 A.2d 41 (1977), is factually indistinguishable from the present case. In *Ward,* the State entered a *nolle prosequi* to an indictment charging second degree murder, child abuse, and assault. Eighteen months later, Ward was convicted of larceny under $100, and after waiting three years from the date of the *nolle prosequi* he filed for expungement of the records. The State objected on the basis of the intervening larceny conviction. From an order denying the petition, Ward appealed and we affirmed the order of the trial court.

No issue of ambiguity in the statute was raised in *Ward,* but the trial court clearly interpreted the statute to preclude expungement where an intervening criminal conviction occurred within three years of the date of the *nolle prosequi.*

The statute has multiple purposes. Primarily, the three year waiting period set forth in sec. 737(d)1 precludes filing until the three-year statute of limitations has expired. Section

(d)2 expressly provides that a petition for expungement may be filed earlier than three years after the date of disposition if the petitioner files a release of all claims the petitioner may have against any person for tortious conduct arising from the charge. Additionally, the statute rewards a petitioner who has maintained a "clean slate" for three years following the entry of an acquittal, *nolle prosequi*, a dismissal of a charge, or probation before judgment. In the case of a pardon by the governor, the waiting period is five years and no later than ten years after the pardon.[3]

*Ward* is also instructive on the second issue raised by appellant herein, *i.e.*, whether Art. 27, sec. 737 violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution. Ward argued there was no rational basis for distinguishing between acquitted defendants (who may seek expungement immediately) and those whose cases ended in a *nolle prosequi* (who are required to wait three years before petitioning for expungement). We said in *Ward* (Powers, J.) that "legislative classifications are not required to be perfect. They are constitutional if they have a rational basis." The rational basis in *Ward* was crystal clear: one charged with a crime and acquitted cannot be charged with that crime again; one receiving a *nolle prosequi* has received, temporarily at least, a reprieve, but is still subject to trial if the State's Attorney decides to proceed.

In *McGowan v. Maryland*, 366 U.S. 420, 425, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961), the Supreme Court said:

> Although no precise formula has been developed, the Court has held that the Fourteenth Amendment permits the States a wide scope of discretion in enacting laws which affect some groups of citizens differently than others. The constitutional safeguard is offended only if the classification rests on grounds wholly irrelevant to the achievement of the

---

**3.** Despite the waiting periods expressed in the statute, subsection (h) provides: Notwithstanding any other provision of this section, a court may grant a petition for expungement at any time on a showing of good cause by the petitioner.

State's objective. State legislatures are presumed to have acted within their constitutional power despite the fact that, in practice, their laws result in some inequality. A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it.

In *Maryland Aggregates v. State,* 337 Md. 658, 673, 655 A.2d 886 (1995), the Court of Appeals said:

A statutory classification that neither proceeds along suspect lines nor infringes fundamental constitutional rights must be upheld against equal protection if there is any rational basis for the classification.

■ We hold that Art. 27, sec. 737 is not unconstitutional as applied to appellant; neither is the Rule of Lenity applicable in appellant's case because the statute is not ambiguous as alleged by appellant.

**JUDGMENT AFFIRMED.**

**COSTS TO BE PAID BY APPELLANT.**