847 A.2d 1184

STATE of Maryland

v.

Phillip Martin NELSON.

No. 2335, Sept. Term, 2002.

Court of Special Appeals of Maryland.

April 23, 2004.

Sarah Page Pritzlaff (J. Joseph Curran, Jr., Atty. Gen., on the brief), Baltimore, for Appellee.

Geraldine K. Sweeney (Stephen E. Harris, Public Defender, on the brief), Baltimore, for Appellee.

Panel: ADKINS, KRAUSER and SHARER, JJ.

SHARER, Judge.

This appeal arises, somewhat inexplicably, from the grant of a petition for expungement. Phillip Martin Nelson, appellee, petitioned the Circuit Court for Charles County to have a *nol*

*prossed* criminal charge expunged, in order to facilitate his enlistment into military service.[1]

His petition came to hearing five days after it was filed and two days after the State's Attorney for Charles County was served, but before the State had answered. The court granted the petition. Two days later, the State filed an answer objecting to the petition. The State also filed a motion to vacate the order granting the petition, which the court denied.

From that denial, the State appeals, and raises two questions for our review, which we have rephrased slightly for purposes of clarity:

I. Did the trial court err in granting the petition for expungement prior to the expiration of the time period provided in Maryland Code Ann., Crim. Proc. § 10–105(d)(2)?

II. Did the trial court err in ordering expungement of a charge that was part of a unit of charges as to which appellee was not entitled to expungement?

This is a case of first impression. Based upon our review of the statutory criteria authorizing expungement, we conclude that the trial court was without authority to order expungement. Therefore, we shall reverse.

## FACTUAL and PROCEDURAL HISTORY

On July 19, 2001, Nelson was arrested for possession of stolen property, namely, vehicle license plates that were stolen from a car dealer. In a search incident to the arrest, Nelson was found to possess nine individually wrapped baggies of marijuana, each containing approximately .8 grams of marijuana. Nelson was charged, in the Circuit Court for Charles County, in a three-count information with possession with intent to distribute, possession of marijuana, and theft under $500.00. On December 7, 2001, Nelson entered a guilty plea

---

1. We find nothing in the record, or in appellant's brief, to explain why the State would object to appellee's effort to improve his life by joining the Marine Corps, in view of infractions which, in the spectrum of criminal conduct, are relatively minor.

to the possession count, and an *Alford*[2] plea to the theft count. The State entered a *nol pros* to the possession with intent to distribute count. On the same day, the court sentenced Nelson to 180 days incarceration on the possession count and a concurrent 180 days on the theft count.

On October 18, 2002, Nelson filed with the court a Petition for Expungement of Records and a General Waiver and Release. On October 21, 2002, the State's Attorney's office was served with a copy of the petition.

The petition quickly came to hearing on October 23, 2002. No one from the State's Attorney's Office attended. At the hearing, the following occurred:

THE COURT: This is—we don't have anybody here from the State.

THE CLERK: Do you want me to call?

THE COURT: No. They were notified. They chose not to be here. That is their decision.

The court then granted Nelson's request to expunge Count 1, the possession with intent to distribute charge that had previously been *nol prossed.*

On the following day, October 24, 2002, the State's Attorney's office filed an Objection to the Petition for Expungement, which stated that Nelson was not entitled to the expungement of the possession with intent to distribute charge. The State argued that the charge was part of a unit of offenses and, because Nelson was not entitled to expungement as to the charges to which he was convicted, he was not entitled to expungement of the other charge in the unit.

Nelson's entitlement to the remedy of expungement is determined by Md.Code Ann., Crim. Proc. § 10–105(a)(2001 & Supp.2002), which provides

**Expungement of record after charge is filed.**

---

**2.** *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

(a) *Petition for expungement.*—A person who has been charged with the commission of a crime, including a violation of the Transportation Article for which a term of imprisonment may be imposed, may file a petition listing relevant facts for expungement of a police record, court record, or other record maintained by the State or a political subdivision of the State if:

(1) the person is acquitted;

(2) the charge is otherwise dismissed;

(3) a probation before judgment is entered, unless the person is charged with a violation of § 21–902 of the Transportation Article or Title 2, Subtitle 5 or § 3–211 of the Criminal Law Article;

(4) a nolle prosequi is entered;

(5) the court indefinitely postpones trial of a criminal charge by marking the criminal charge "stet" on the docket;

(6) the case is compromised under § 3–207 of the Criminal Law Article;

(7) the charge was transferred to the juvenile court under § 4–202 of this article; or

(8) the person:

(i) is convicted of only one criminal act, and that act is not a crime of violence; and

(ii) is granted a full and unconditional pardon by the Governor.

As to the theft and possession charges, Nelson was not acquitted, (§ (a)(1)); the charges were not dismissed (§ (a)(2)); a probation before judgment was not entered (§ (a)(3)); a *nolle prosequi* was not entered (§ (a)(4)); the court did not enter a stet (§ (a)(5)); the case was not compromised under § 3–207 of the Criminal Law Article (§ (a)(6)); the charges were not transferred to the juvenile court (§ (a)(7)); and Nelson was not convicted of just one criminal act (§ (a)(8)). By exclusion, therefore, since Nelson was not eligible for expungement pursuant to one of the enumerated sub-sections, it is clear that he was not entitled to expunge-

ment. He was convicted, upon his guilty plea, of two criminal acts, both arising out of the same transaction, as defined in Md.Code Ann., Crim. Proc. §§ 10–107(a) and (b).

Because the order for expungement was entered before the State filed an answer, the State, on the same day, October 24, filed a Motion to Vacate Order of Expungement, reiterating the objection outlined above, and further arguing that the State was entitled to a hearing, pursuant to § 10–105 of the Criminal Procedure Article.

By handwritten notation dated November 6, 2002, the trial court denied the State's Motion to Vacate Order of Expungement.

The State noted this timely appeal.[3]

## DISCUSSION

**I. Did the trial court err in granting the petition for expungement prior to the expiration of the time period provided in Maryland Code Ann., Crim. Proc. § 10–105(d)(2)?**

As we have set out, *supra,* the State argues first that the circuit court erred in holding a hearing on the petition prior to the expiration of the time that Maryland law provides for the State to answer, and object to, a petition for expungement.

Section 10–105 of the Criminal Procedure Article provides in subsection (a) that a petition for expungement may be filed by a "person who has been charged with the commission of a crime" in certain proscribed circumstances, including when "a nolle prosequi is entered" on the charge. Md.Code Ann., Crim. Proc. § 10–105(a) (2001 & Supp.2002). Subsections (d) and (e) provide, in pertinent part:

---

3. Md.Code Ann., Crim Proc. § 10–105(g) (2001 & Supp.2002) provides:
   (g) *Appellate review.*—(1) The State's Attorney is a party to the proceeding.
   (2) A party aggrieved by the decision of the court is entitled to appellate review as provided in the Courts Article.

(d) *Period for objection by State's Attorney.*—(1) The court shall have a copy of a petition for expungement served on the State's Attorney.

(2) Unless the State's Attorney files an objection to the petition for expungement within 30 days after the petition is served, the court shall pass an order requiring the expungement of all police records and court records about the charge.

(e) *Hearing on expungement.*—(1) If the State's Attorney files a timely objection to the petition, the court shall hold a hearing.

(2) If the court at the hearing finds that the person is entitled to expungement, the court shall order the expungement of all police records and court records about the charge.

(3) If the court finds that the person is not entitled to expungement, the court shall deny the petition.

Md.Code Ann., Crim. Proc. §§ 10–105(d) & (e) (2001 & Supp. 2002). Md. Rule 4–505(b)(2002) provides:

(b) **Answer to petition.** Within 30 days after service of a petition for expungement, the State's Attorney shall file an answer, and serve a copy on the petitioner or the attorney of record.

Md. Rule 4–507(b)(2002) provides:

(b) **On petition.** In the case of a petition for expungement, a hearing shall be held only if the State's Attorney or law enforcement agency objects to the petition by way of timely answer.

Here, the State argues that the circuit court erred when it conducted the expungement hearing prior to the lapse of the time provided in § 10–105(d)(2) for the State to file an objection. The petition came to hearing five days after it was filed with the court, and three days after it was served upon the State's Attorney's office. Although undisputably served with the petition, the State was not represented at the hearing. The form of notice to the State of the hearing is not set out in

the record. As to the adequacy of notice to the State, the record reveals only the following:

THE COURT: This is—we don't have anybody here from the State.

THE CLERK: Do you want me to call?

THE COURT: No. They were notified. They chose not to be here. That is their decision.

While there is nothing more in the record to indicate how, when, or by whom the State was notified, we accept that the State's Attorney's office was given notice of the hearing. Likewise, the record reveals no justification for the State's failure to be represented at the hearing. As we have seen, the State, after the fact, filed an objection to the expungement and a motion for reconsideration.

■ Although we believe that it would have been prudent for the State's Attorney's office to have been represented at the hearing, we cannot conclude that the State waived any of its rights under the statute by not appearing. We are satisfied that §§ 10–105(d) & (e) unambiguously mandate the opportunity for the State's Attorney to file an objection within thirty days of service and that the court must conduct a hearing on the petition after any objection is noted. *See Jackson v. State,* 124 Md.App. 59, 64, 720 A.2d 1210 (1998) ("When interpreting statutory language, we give the words of the statute their ordinary and natural meaning absent some indication to the contrary.").

■ Nelson presents us with two arguments as to why the circuit court's order of expungement ought to be affirmed. He directs us first to Md.Code Ann., Crim. Proc. § 10–105(c)(5), which provides that "[a] court may grant a petition for expungement at any time on a showing of good cause." He categorizes the words "at any time" as a saving clause which renders the notice and hearing provisions merely directory, rather than mandatory.

The paramount objective in construing a legislative enactment is to determine and give effect to the intent of the

Legislature. *Lewis v. State*, 348 Md. 648, 653, 705 A.2d 1128 (1998). We must look first to the words themselves and give those words their ordinary and natural meaning. *Gardner v. State*, 344 Md. 642, 647–48, 689 A.2d 610 (1997). "Where the words of the statute are clear and unambiguous, there usually is no need to go further in construing the statute." *Harris v. State*, 331 Md. 137, 145–46, 626 A.2d 946 (1993); *see also Lewis, supra,* 348 Md. at 653, 705 A.2d 1128 (stating "When the plain meaning of the language is clear and unambiguous, and consistent with both the broad purposes of the legislation, and the specific purpose of the provision being interpreted, our inquiry is at an end."). When the statutory language is ambiguous, however, we seek to ascertain the legislative intent by looking at the "legislative history, prior case law, and the purposes upon which the statutory framework was based." *Lewis, supra,* 348 Md. at 653, 705 A.2d 1128. Statutory language may be deemed ambiguous when it is "reasonably capable of more than one meaning." *Id.* (quoting *Greco v. State,* 347 Md. 423, 429, 701 A.2d 419 (1997)).

Applying the recognized test of statutory construction to the language here under consideration, we cannot agree that the ability of the court to grant expungement "at any time for good cause" is to be read in the abstract. To do so renders the carefully crafted notice and time provisions meaningless. Moreover, we know of no procedural provisions, in either the Maryland Code or the Maryland Rules, that do not provide for notice to, and time for response by, opposing parties. To read § 10–105(c)(5) as Nelson would have us read it, renders the entire expungement practice as an *ex parte* procedure. That result cannot obtain, for throughout Title 10, Subtitle 1, reference is made to the rights and obligations of the State and the State's Attorney. We also point out that § 10–105(g) provides that the State's Attorney is a party to appellate review, which can be had by "[a] party aggrieved" with the decision of the circuit court. We reiterate that a statutory scheme which proscribes, in considerable detail, the rights and obligations of the State, cannot be held to be rendered meaningless by some action of the court that would circumvent that scheme.

Appellee next argues that the State's issue has not been preserved for appellate review because the State, having failed to appear for the hearing, has waived any defect arising therefrom. Had the hearing been called for a time after November 20, 2002, (the expiration of 30 days after service upon the State on October 21, 2002) we would give credence to appellee's argument. However, because we conclude that the State is entitled to a 30 day period in which to file an objection, we must likewise conclude that it was error for the court to proceed to a hearing at a time prior to the expiration of that period, absent an articulated waiver by the State. Again, we turn to the established rules of statutory construction, in that "... the statute must be construed reasonably with reference to the purpose, aim, or policy of the enacting body." *Tracey v. Tracey*, 328 Md. 380, 387, 614 A.2d 590 (1992).

In conclusion, we find that to provide the State with the opportunity to object and to be heard, but at the same time eliminate that opportunity by judicial fiat, does not serve the legislative purpose of the statute. To agree with appellee's position would effectively deprive the public, through its representative, the State's Attorney, the opportunity to oppose petitions for expungement where, as here, statutory criteria for expungement are lacking.

**II. Did the trial court err in ordering expungement of a charge that was part of a unit of charges as to which appellee was not entitled to expungement?**

■ The State further challenges the propriety of the circuit court's grant of expungement of the *nol prossed* charge (possession with intent to distribute), contending that the charge was part of a "unit" of charges for which Nelson had no right to expungement.

Md.Code Ann., Crim. Proc. § 10–107 (2001) provides in pertinent part:

(a) *Multiple charges as unit.*—(1) In this subtitle, if two or more charges, other than one for a minor traffic violation,

arise from the same incident, transaction, or set of facts, they are considered to be a unit.

\* \* \*

(b) *Effect on right to expungement.*—(1) If a person is not entitled to expungement of one charge in a unit, the person is not entitled to expungement of any other charge in the unit.

Md Code Ann., Crim. Proc. § 10–105(e)(3) (2001 & supp. 2002) provides, in pertinent part:

(3) If the court finds that the person is not entitled to expungement, the court shall deny the petition.

As we have noted, *supra*, the circumstances surrounding the disposition of the possession with intent to distribute offense do not fall within any of the statutory criteria for which expungement is permissible. *See* Md.Code Ann., Crim. Proc. § 10–105(a)(1)–(8). "The statute seems to lodge no discretion in the court, but to mandate either granting or denying the relief, based upon statutorily defined entitlement, or the lack of it." *Ward v. State*, 37 Md.App. 34, 36, 375 A.2d 41 (1977) (referring to the former Md. Ann.Code art. 27, § 737(e), repealed and reenacted by 2001 Md. Laws 10 at Md.Code Ann., Crim. Proc. § 10–105(e) with new language but without substantive change).

The State posits that, because the three offenses in the charging document arose out of the "same incident, transaction, or set of facts," the preclusion of § 10–105(a) prevails. Nelson was arrested for possession of stolen property, and then charged with possession with intent to distribute and possession of marijuana after the arresting officer found individually wrapped quantities of marijuana on Nelson's person at the time of arrest. Nelson pleaded guilty to the possession count and entered an *Alford* plea to the theft count. Pursuant to Section 10–105(a) of the Criminal Procedure Article, Nelson was not entitled to expungement of those two charges. Because all three charges stemmed from the "same incident,

transaction, or set of facts," they are considered part of a unit of charges for which expungement was not available.[1]

In conclusion, we hold that the language of the statute that permits the court to order expungement "at any time on a showing of good cause[.]" does not trump the provisions of the statute that provide the State 30 days, from service, to object to expungement. We also hold, on the facts before us, that Nelson was not, as a matter of law, entitled to expungement for the reasons we have explained. Therefore, we must reverse the order of the circuit court. To the extent that there may be irreconcilable differences in the provisions of the statute, we invite an appropriate review by the General Assembly.

**ORDER OF THE CIRCUIT COURT FOR CHARLES COUNTY REVERSED WITH DIRECTION TO ENTER AN ORDER DENYING THE PETITION FOR EXPUNGEMENT; COSTS TO BE PAID BY CHARLES COUNTY.**

---

4. No argument is made that the three offenses are not part of a unit of charges.