*Charles Ray Reid, IV v. State of Maryland, et al.*, No. 2609, September Term 2016.
Opinion by Battaglia, J.

**DECLARATORY JUDGMENT – SPECIAL FORM OF REMEDY**

Circuit court did not err in dismissing complaint for declaratory judgment in which appellant asked the court to determine the rights and liabilities of the parties with respect to: the public's access to court records of appellant's *nolle prosequi* disposition; the alleged resulting "stigma" of that access; the manner in which those records could be removed from public purview, *i.e.*, the statutory scheme for expungement; and, the "damages" associated with having court records expunged. The history and breadth of Maryland's statutory scheme for expungement of court records insures that the Legislature intended for the statute to act as the primary means by which a person could have court records expunged and for expungement to be permissible only if certain statutory criteria are met. Thus, appellant's request for declaratory relief was barred by Section 3-409(b) of the Courts and Judicial Proceedings Article of the Maryland Code, which provides that a declaratory judgment is inappropriate "[i]f a statute provides a special form of remedy for a specific type of case[.]"

Circuit Court for St. Mary's County
Case No. 18-C-16-001464

REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 2609

September Term, 2016

_____

CHARLES RAY REID, IV

v.

STATE OF MARYLAND, *et al.*

_____

Wright
Kehoe,
Battaglia, Lynne A.
        (Senior Judge, Specially Assigned),

JJ.
_____

Opinion by Battaglia, J.
_____

Filed:  September 27, 2018

Pursuant to Maryland Uniform Electronic Legal Materials Act
(§§ 10-1601 et seq. of the State Government Article) this document is authentic.



Bessie Decker, Clerk
April 20, 2018

Charles Ray Reid, IV, appellant, filed, in the Circuit Court for St. Mary's County, a complaint against the State of Maryland and "the Attorney General" (collectively the "State") seeking a declaratory judgment regarding public access to court records, the statutory scheme for expungement of those records, and his rights under the Maryland Declaration of Rights. The State thereafter filed a motion to dismiss, claiming that declaratory relief was inappropriate under the circumstances. Following a hearing, the court granted the State's motion and dismissed Reid's complaint. In this appeal, Reid presents two questions for our review, which we have rephrased and consolidated into a single question[1]:

1. Did the circuit court err in dismissing Reid's complaint for a declaratory judgment?

For reasons to follow, we answer Reid's question in the negative and affirm the judgment of the circuit court.

---

[1] Reid phrased the questions as follows:

1. Should a Declaratory Judgment be dismissed on the basis of Rule 2-322(b)(2) wherein Plaintiff has demonstrated standing, alleges unconstitutional behavior, specifically asks for relief that is both non-economic and economic in nature and has availed himself before the court in recognition of rights specifically set forth by statute?

2. Did the trial court abuse its discretion in dismissal of Appellant's petition absent any basis of law or fact, specifically with regard to the misapplication of sovereign immunity and various Maryland Rules as well as case law?

# BACKGROUND

On July 26, 2014, Reid was charged with one count of second-degree assault. A few months later, the State, for reasons not pertinent to the instant appeal, entered a *nolle prosequi* on that charge.[2]

On October 25, 2016, Reid filed a complaint against the State seeking a declaratory judgment. In that complaint, Reid maintained that he had suffered various "stigma" resulting from "the public display" of the details of his *nolle prosequi* disposition, which he claimed anyone could access via "electronic information found on the Case Search portal maintained by the State."[3] Reid also maintained that the only way to remove that information and alleviate the stigma was by way of the statutory scheme for expungement, which required "not only a $35.00 fee . . . but also upwards of $250.00 in legal fees."[4] Reid averred, therefore, that the process for expunging information from the Case Search portal, when considered in conjunction with the public's access to that information and the

---

[2] Maryland Rule 4-247(a) provides that the State "may terminate a prosecution on a charge and dismiss the charge by entering a *nolle prosequi* on the record in open court."

[3] "Case Search provides Internet access to information from Maryland case records as described in the Maryland Rules on Access to Court Records (Rules 16-901 through 16-912)." https://mdcourts.gov/casesearch2/faq. The information available on Case Search includes "Maryland District Court traffic, criminal, and civil case records and Maryland Circuit Court criminal and civil records[.]" *Id.*

[4] As of October 1, 2017, there is no attendant charge to file a petition to expunge a case with a disposition of acquittal, dismissal, probation before judgment (PBJ), *nolle prosequi*, stet, or not criminally responsible. *See* Public Notice, Petition for Expungement of Records, Oct. 1, 2017, https://mdcourts.gov/district/forms/criminal/expungementpublicnotice-102017 (stating "[t]here will be no filing fee for these dispositions.").

associated stigma, deprived him "of his rights or property under Article 24 of the Maryland Declaration of Rights." Reid also suggested that "the State be imposed the burden of removing from the Case Search portal, without request, every case with a disposition of *nolle prosequi* or not guilty." In his prayer for relief, Reid asked the circuit court to determine and adjudicate the rights and liabilities of the parties with respect to the "damages of expungement"; to find and declare that he had incurred damages as a result of "no adjudicated proceeding and no fault of his own"; to find and declare "a violation of Article 24 of the Maryland Declaration of Rights"; and, to find and declare that he had "the right to be absolved of these damages at no expense."

Following the filing of Reid's complaint, the State filed a motion to dismiss. At a hearing on that motion, the State argued that a declaratory judgment was inappropriate because Sections 10-101 through 10-109 of the Criminal Procedure Article of the Maryland Code, which govern the process for expungement of criminal records, already provided Reid the relief he sought. The State also argued that there was "no constitutional right to expungement" and that "the criminal records that are on the books for Mr. Reid are public records of past criminal proceedings" and "are not, in and of themselves, punitive." As for Reid's claims regarding various fees associated with the filing of a petition for expungement, the State argued that "there's no indication" Reid had paid any fees and that, even if he had, the State was entitled to sovereign immunity "as to payment of things like court fees and attorney's fees."

Reid responded that public access to the information on Case Search had "significant ramifications for ordinary people," such as "being exiled from the community"

3

and being unable to secure "better housing" or "a job," all of which violated Article 24 of the Maryland Declaration of Rights. Reid also claimed that, in the case of a *nolle prosequi* disposition, the expungement process amounted to an "unconstitutional burden that is placed on a person who as a matter of fact was not found guilty or the State has chosen not to pursue an action against." Reid averred that requiring him to "take another step" to have the records expunged presented an "undue burden" and violated both Article 24 and Article 25 of the Maryland Declaration of Rights. Reid also argued that the court should have shielded his case record automatically because the Maryland Rules provide that the custodian of records "shall refuse inspection of a case record or any part of a case record if inspection would be contrary to the Maryland constitution." When the circuit court asked Reid to elaborate on how his constitutional rights had been violated, Reid reiterated that he was "deprived of property in the form of $30 and conceivably an attorney's fee" and that, in the meantime, the information on Case Search was causing him to be "exiled" from his community and unable "to pursue certain employment or residency."

The circuit court ultimately granted the State's motion to dismiss, finding that Reid's request for a declaratory judgment was "an impermissible one" because Reid had at his disposal an existing statutory remedy in the form of the expungement process. The court also found that Reid was not "constitutionally affected by his declining to fill out the paperwork and seek that statutory remedy."

**DISCUSSION**

Reid argues that the circuit court abused its discretion in dismissing his complaint against the State. Reid avers that his complaint for declaratory relief alleged a cognizable

4

claim, namely, that the public display of his criminal record by way of Case Search and the current statutory scheme for expungement violated his rights under the Maryland Declaration of Rights. Reid further avers that the court "obfuscated [his] complaint" in determining that the statutory scheme for expungement precluded his claim for declaratory relief.

The State counters that dismissal of Reid's claim was appropriate pursuant to provisions of the Declaratory Judgment Act, specifically, those belonging to Section 3-409(b) of the Courts and Judicial Proceedings Article, which provide that a declaratory judgment should not be issued when "a statute provides a special form of remedy for a specific type of case[.]" (1973, 2013 Repl. Vol.). According to the State, the statutory scheme for expungement provided such a remedy, and, as a result, the circuit court was precluded from issuing a declaratory judgment. The State further avers that, even if dismissal was inappropriate, the claims raised by Reid regarding the constitutionality of the expungement statute are without merit.[5]

---

[5] Without reaching the merits of the declaratory judgment at issue, it is worthwhile to note that, "[i]t is generally preferable for a court to analyze whether a statute is constitutional under the more narrow as-applied standard first, as a matter of judicial efficiency rather than analyzing the broader facial challenge first." *King v. State*, 425 Md. 550, 593 (2012), *rev'd on other grounds*, 569 U.S. 435 (2013) (citing *Board of Trustees of State University of New York v. Fox*, 492 U.S. 469, 485 (1989)). Here, it appears that Reid is challenging the constitutionality of the Criminal Records Expungement Statute as applied to him, and as such, he would have to demonstrate that the statute operates unconstitutionally when applied to his particular set of circumstances. *Motor Vehicle Administration v. Seenath*, 448 Md. 145, 181 (2016). In previous constitutional challenges to the criminal records expungement scheme, this Court held that the former version of the statute was not "unconstitutional as applied to the appellant" because the "'statutory classification . . . neither proceed[ed] along suspect lines nor infringe[d]

(continued)

In determining whether "to grant a motion to dismiss a complaint, a court is to assume the truth of the factual allegations of the complaint and the reasonable inferences that may be drawn from those allegations in the light most favorable to the plaintiff." *Heavenly Days Crematorium, LLC v. Harris, Smariga and Associates, Inc.*, 433 Md. 558, 568 (2013); *Bobo v. State*, 346 Md. 706, 708 (1997). When reviewing a circuit court's decision to dismiss a complaint, "an appellate court applies the same standard and assesses whether that decision was legally correct." *Heavenly Days Crematorium, LLC*, 346 Md. at 708 (internal citations omitted). We, therefore, "accord no special deference to the Circuit Court's legal conclusions." *Id.*

Section 3-409(a)(3) of the Courts and Judicial Proceedings Article provides, in pertinent part, that "a court may grant a declaratory judgment . . . if it will serve to terminate the uncertainty or controversy giving rise to the proceeding, and if . . . [a] party asserts a legal relation, status, right, or privilege and this is challenged or denied by an adversary party, who also has or asserts a concrete interest in it." Md. Code (1973, 2013 Repl. Vol.), § 3-409(a) of the Courts and Judicial Proceedings ("Cts. & Jud. Proc.") Article. The

---

(continued)

fundamental constitutional rights[,]'" and therefore, "must be upheld against equal protection if there is any rational basis for the classification." *Jackson v. State*, 124 Md. App. 59, 66 (1998) (quoting *Maryland Aggregates Association, Inc. v. State*, 337 Md. 658, 673 (1995)); *see also Ward v. State*, 37 Md. App. 34 (1977) (holding that providing immediate right to expungement to acquitted defendants, but requiring a three-year wait by a defendant that received a *nolle prosequi*, was not unconstitutional, as applied, because the State could later choose to prosecute the petitioner).

Reid, however, is precluded from requesting a declaratory judgment at this juncture, because he can seek redress through the expungement statute, an avenue he has not yet pursued. As a result, we do not address his constitutional concerns.

purpose of the statute is "'to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations.'" *Polakoff v. Hampton*, 148 Md. App. 13, 25 (2002) (quoting Cts. & Jud. Proc. § 3-402). "It further allows that any person 'whose rights, status, or other legal relations are affected by a statute . . . may have determined any question of construction or validity arising under the . . . statute, . . . and obtain a declaration of rights, status, or other legal relations under it.'" *Id.* (quoting Cts. & Jud. Proc. § 3-406).

Declaratory relief "is barred by some statutory and judicially-crafted restrictions in limited circumstances." *Converge Services Group, LLC v. Curran*, 383 Md. 462, 478 (2004); *see also Fosler v. Panoramic Design, Ltd.*, 376 Md. 118, 128 (2003) (finding that the presumption that a statutory remedy "is primary is reflected in the Declaratory Judgment Act"). While the Declaratory Judgment Act "shall be liberally construed and administered[,]" Cts. & Jud. Proc. § 3-402, certain restrictions in its application exist. For instance, Section 3-409(b) states that, "[i]f a statute provides a special form of remedy for a specific type of case, that statutory remedy *shall* be followed in lieu of" pursuing a declaratory judgment. Cts. & Jud. Proc. § 3-409(b) (emphasis added); *see also Renaissance Centro Columbia, LLC v. Broida*, 421 Md. 474, 491 (2011) ("We have consistently held that, where the General Assembly has provided an exclusive or primary administrative remedy and judicial review remedy, the [language of the Declaratory Judgments Act] precludes a declaratory judgment."). That is, "when there is a special statutory remedy for a specific type of case, and that remedy is intended to be exclusive or primary, a party 'may not circumvent those special statutory proceedings by a declaratory

7

judgment action[.]'" *Utilities, Inc. of Maryland v. Washington Suburban Sanitary Com'n*, 362 Md. 37, 45 (2000) (citations and alterations omitted).

The nature of a declaratory judgment as supplemental rather than as superseding has been elucidated in opinions by the Court of Appeals since the statute's adoption in 1939. The primary purpose of the Act, according to the Court, "is to relieve litigants of the rule of the common law that no declaration of rights may be judicially adjudged unless a right has been violated, and to render practical help in ending controversies which have not reached the stage where other legal relief is immediately available." *Davis v. State*, 183 Md. 385, 388–89 (1944) (internal citation omitted). As the Court has opined, the Uniform Declaratory Judgments Act was intended to "supplement, not to supersede, existing remedies at law and in equity, and accordingly where an immediate cause of action exists for which one of the existing remedies is available and adequate, a proceeding for declaratory judgment is not appropriate within the contemplation of the Act." *Id.* at 389 (citing *Caroline Street Permanent Building Ass'n v. Sohn*, 178 Md. 434, 444 (1940)). "The distinctive characteristic of a declaratory judgment is that the declaration stands by itself, and does not involve executory process or coercive relief." *Davis*, 183 Md. at 389. "The act is fundamentally remedial and auxiliary. Its object is to supplement and enlarge procedural relief in a field not wholly or adequately occupied by subsisting remedies of law and equity." *Caroline Street Permanent Building Ass'n*, 178 Md. at 444. The Court of Appeals has further explained that the statute's

> peculiar function and province is to occupy that sector of the law which formerly did not adequately define, declare, restore and protect by its traditional remedies the rights of an individual in his status, contracts,

property, privileges and immunities which, by an adversary denial or dispute had controverted and been placed in danger or jeopardy, so as to cause him detriment and prejudice because of the ensuing uncertainty and insecurity of his legal relations.

*Id.*

Here, the circuit court dismissed Reid's complaint because the judge opined that the remedy sought, *i.e.*, the removal of his *nolle prosequi* disposition from Case Search, could have been attained by way of the statutory scheme for expungement. Thus, the question in the instant case is whether the statutory scheme for expungement provided a "special form of remedy for a specific type of case." If so, then the court was correct in dismissing Reid's complaint for declaratory judgment in lieu of that remedy.

The statutory scheme for expungement, enacted in 1975, 1975 Maryland Laws, Chapter 260, is codified in Sections 10-101 through 10-109[6] of the Criminal Procedure Article, which provides, in pertinent part, that "[a] person who has been charged with the commission of a crime . . . may file a petition listing relevant facts for expungement of a police record, court record, or other record maintained by the State or a political subdivision of the State if . . . a *nolle prosequi* . . . is entered[.]" Md. Code (1975, 2013 Repl. Vol., 2016 Supp.), § 10-105(a)(4) of the Criminal Procedure ("Crim. Proc.") Article.[7]

---

[6] In 2017, various misdemeanor crimes were added to the list of charges that were eligible for expungement. 2016 Maryland Laws, Chapter 515.

[7] In some instances, however, an individual may not be eligible for expungement if

(i) the petition is based on the entry of probation before judgment, except a probation before judgment for a crime where the act on which the conviction is based is no longer a crime, and the person within 3 years of

(continued)

9

The statute further provides, in pertinent part, that "a petition for expungement based on an acquittal, a *nolle prosequi*, or a dismissal may not be filed within 3 years after the disposition, unless the petitioner files with the petition a written general waiver and release of all the petitioner's tort claims arising from the charge." Crim. Pro. § 10-105(c)(1). The statute also prohibits a person's right to expungement following the entry of a *nolle prosequi* until a person has completed court-ordered drug or alcohol treatment, Crim. Proc. § 10-105(c)(3), or is a defendant in a pending criminal proceeding. Crim. Pro. § 10-105(e)(4)(ii).

After a petition is filed with the proper court, and served on the State's Attorney, "the court shall pass an order requiring the expungement of all police records and court records about the charge[,]" if the State's Attorney fails to file an objection to the petition within thirty days of its filing. Crim. Proc. § 10-105(d)(2) . If the State's Attorney files a timely objection, however, "the court shall hold a hearing." Crim. Proc. § 10-105(e). If, following a hearing, the court finds "that the person is entitled to expungement, the court shall order the expungement of all police records and court records about the charge." Crim. Proc. § 10-105(e)(2). If, on the other hand, "the court finds that the person is not

_____

(continued)
> the entry of the probation before judgment has been convicted of a crime
> other than a minor traffic violation or a crime where the act on which the
> conviction is based is no longer a crime; or (ii) the person is a defendant in
> a pending criminal proceeding.

Md. Code (1975, 2013 Repl. Vol., 2016 Supp.), Section 10-105(e)(4) of the Crim. Proc. Article.

entitled to expungement, the court shall deny the petition." Crim. Proc. § 10-105(e)(3). The statute "'lodge[s] no discretion in the court, but to mandate either granting or denying the relief, based upon statutorily defined entitlement, or the lack of it.'" *State v. Nelson*, 156 Md. App. 558, 568 (2004) (quoting *Ward v. State*, 37 Md. App. 34, 36 (1977)).

In its current iteration, Section 10-105 of the Criminal Procedure Article expressly provides eleven separate instances in which a petition for expungement can be filed, including when a *nolle prosequi* is entered. Crim. Proc. § 10-105(a)(1) through (11). Moreover, the statute no longer requires that a petitioner wait three years after entry of a *nolle prosequi* before filing for expungement (provided he signs a waiver), Crim. Proc. § 10-105(c)(1), nor does it restrict a court from granting a petition in cases where a petitioner has been convicted of a different crime following the entry of the *nolle prosequi* on which the petition is based. Crim. Proc. § 10-105(e)(4)(i). Further, Section 10-109 "contains the enforcement provisions of the expungement statute and establishes criminal sanctions for its violation." *Robert B. v. State*, 193 Md. App. 620, 638 (2010). "These provisions reflect a value judgment that it is unjust to subject someone to the social consequences of a criminal charge without a finding of guilt[,]" further solidifying the statute's primacy over other remedial mechanisms such as a declaratory judgment. *Id. See, e.g., Davis v. Magee*, 140 Md. App. 635, 653–54 (2001) (noting that a person has a right to file for expungement "in certain enumerated situations, and at certain enumerated times" and that expungement "can occur only upon petition and the issuance of an order for expungement").

The statute was enacted for "the purpose of providing for the expungement of certain police and court records, providing procedures for such expungement, prohibiting

certain practices concerning criminal charges not resulting in conviction, and relating generally to criminal records." 1975 Md. Laws, Chapter 260. It "aims to prevent a person from unfairly suffering the social and professional stigma of a criminal charge that did not result in a conviction." *Robert B.*, 193 Md. App. at 637. "One of the General Assembly's purposes in providing for an expungement procedure was to help protect individuals seeking employment or admission to an educational institution, by entitling them to expungement of unproven charges, so that those individuals could avoid being unfairly judged during their application process." *Stoddard v. State*, 395 Md. 653, 664 (2006).

In *Mora v. State*, we recognized the dearth of legislative history "pertaining to this statute," but noted that it was enacted within one year following the Court of Appeals decision in *Doe v. Wheaton Police Department*, 273 Md. 262 (1974), which "is instructive as to the likely legislative intent." 123 Md. App. 699, 710 (1998). In *Doe*, the Court of Appeals had considered a petition for expungement filed after the State entered a *nolle prosequi* to charges against the petitioner. 273 Md. at 263. At the time of the appeal, legislative authority only existed to expunge criminal arrest records in connection with certain drug cases; the charge Doe sought to expunge was not drug related, however. *Id.* at 273, n.8.

In 1974, a "bill broadly authorizing the expungement of such records, enacted at the 1974 Session of the Legislature (House Bill 122), was vetoed by the Governor for reasons wholly unrelated to the merits of the expungement concept." *Id.* at 275–76. Under such circumstances, the *Doe* Court held, since no general statutory remedy for expungement of criminal records existed at the time, "a court of equity" had jurisdiction over this type of

case because it involved the constitutional right to privacy and because this area lacked any statutory guidance. *Doe*, 273 Md. at 273, 275 (finding that "we have also observed that the exercise of power by a court of equity in matters involving constitutional questions is not favored where statutory remedies exist which permit the raising of such questions.") (citing *Kracke v. Weinberg*, 197 Md. 339, 343 (1951)).

The enactment of the Criminal Records Expungement Statute obviated this common law right of expungement "based on a claimed right of privacy grounded upon constitutional and common law legal decisions[,]" *Mora*, 123 Md. App. at 710, by providing for a statutory mechanism. *See also Gigeous v. Eastern Correctional Inst.*, 132 Md. App. 487, 500 (2000) (stating "[w]e observed in *Mora* that the legislature appears to have promulgated the expungement statutes in response to *Doe v. Wheaton Police Dept.*[]"). The statutory path to expungement, thus, must be viewed as the primary remedial mechanism for those, like Reid, who want to have a criminal charge expunged.

Further, it is important to note that the statute has a breadth greater than its common law origins.[8] In this regard, the statute also provides for expungement of police records in

_____

[8] Since the expungement statute was enacted, the General Assembly has amended Section 10-105 of the Criminal Procedure Article multiple times to either expand or limit the list of persons eligible to petition for expungement or to expand or limit the situations in which a court must deny a petition for expungement. *See, e.g.,* 1996 Md. Laws, Chap. 613 (prohibiting the expungement of a *nolle prosequi* until a certain time unless a waiver is filed); 2001 Md. Laws, Chap. 7 (prohibiting the expungement of certain criminal records relating to certain crimes involving death or life-threatening injury caused by drunk or drugged driving); 2003 Md. Laws, Chap. 121 (repealing the waiting period before a person may file a petition for expungement following a full and unconditional pardon by the Governor); 2004 Md. Laws, Chap. 237 (allowing for the expungement of a *nolle prosequi* when the court imposes drug or alcohol treatment); 2007 Md. Laws, Chap.

(continued)

13

Section 10-102, (1975, 2013 Repl. Vol.), which exceeds that which Reid requests in his declaratory judgment, which is to "merely" have his *nolle prosequi* charge deleted so that it cannot be "publicly disseminated through a public database that is essentially giving out information."

In light of the comprehensive nature of the expungement statute and because declaratory judgment is disfavored when a complete statutory remedial scheme exists, we hold that Reid must initially avail himself to the strictures of the expungement statute.

Should Reid be denied expungement of his criminal charge, he may have declaratory relief available to address any lingering constitutional concerns. *See Ward v. State*, 37 Md. App. 34, 36 (1977) (adjudging a case where petitioner filed a memorandum of the constitutional questions raised at the expungement hearing for appellate purposes); *Jackson v. State*, 124 Md. App. 59, 61 (1998) (adjudging a case where petitioner appealed denial of expungement from circuit court, alleging violations of "the Rule of Lenity and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution"). Certainly, if Reid achieves expungement of his criminal charge, he will

---

(continued)

388 (authorizing a person to file a petition for expungement of court records concerning certain civil offenses or infractions); 2008 Md. Laws, Chap. 616 (authorizing a person to file a petition for expungement of certain records pertaining to certain enumerated convictions); 2013 Md. Laws, Chap. 643 (authorizing a person to file a petition for expungement of certain records pertaining to a finding of not criminal responsible); 2015 Md. Laws, Chap. 314 (repealing the provision that a person is not entitled to expungement if the petition is based on a certain case disposition, such as a *nolle prosequi*, and the person had since been convicted of a crime); 2017 Md. Laws, Chap. 801 (authorizing a person to file a petition for expungement of certain records pertaining to a conviction of possession of marijuana).

14

have gotten his remedy.  Accordingly, the circuit court did not err in dismissing Reid's petition.

**JUDGMENT OF THE CIRCUIT COURT FOR ST. MARY'S COUNTY AFFIRMED; COSTS TO BE PAID BY APPELLANT.**