*In re Expungement Petition of Dione W.*, No. 2182, Sept. Term, 2018.
Opinion by Arthur, J.

**CRIMINAL PROCEDURE – EXPUNGEMENT**

A petition for expungement may typically not be granted unless the petitioner is entitled
to expungement of each charge in the unit. Two or more charges that arise from the same
incident, transaction, or set of facts are considered a unit. However, Md. Code (2001,
2008 Repl. Vol.), § 10-107 of the Criminal Procedure Article permits a court to expunge
the charges if the charge in which the petitioner is not entitled to have expunged is a
minor traffic violation that arises from the same incident, transaction, or set of facts
because it does not count as part of the unit.

Circuit Court for Baltimore County
Case No. 03-K-13-004361

REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 2182

September Term, 2018

_____

IN RE EXPUNGEMENT PETITION OF
DIONE W.

_____

Nazarian,
Arthur,
Wells,

JJ.

_____

Opinion by Arthur, J.

_____

Filed: October 30, 2019

Pursuant to Maryland Uniform Electronic Legal
Materials Act
(§§ 10-1601 et seq. of the State Government Article) this document is authentic.



Suzanne C. Johnson, Clerk

On March 10, 2013, appellant Dione W. received four traffic citations: exceeding the maximum posted speed (i.e. speeding) in violation of Md. Code (1977, 2012 Repl. Vol.), § 21-801.1 of the Transportation Article; driving on a suspended license in violation of § 16-303(c) of the Transportation Article; possessing a suspended license in violation of § 16-301(j) of the Transportation Article; and displaying a suspended license in violation of § 16-301(e) of the Transportation Article.

Speeding is a non-incarcerable offense for which the maximum punishment is a $500.00 fine. *See* § 27-101 of the Transportation Article. By contrast, driving on a suspended license, possessing a suspended license, and displaying a suspended license are all incarcerable offenses. *See id.* § 16-303(k) (prescribing a penalty of up to one year of imprisonment a first offense of driving on a suspended license); *id.* § 16-301(r) (prescribing a penalty of up to two months of imprisonment for possessing a suspended license and for displaying a suspended license).

Appellant requested a jury trial, and the case was transferred to the Circuit Court for Baltimore County.

On August 30, 2013, appellant appeared in the circuit court and pleaded guilty to one count of exceeding the maximum posted speed. The State entered a nolle prosequi as to the three other counts. The court imposed a $45.00 fine.

On January 17, 2018, appellant filed a petition seeking the expungement of the conviction for speeding and the three charges on which the State had entered a nolle prosequi. The State answered that appellant was not eligible for the expungement of the conviction for the minor traffic violation of speeding, but was eligible for the

expungement of the three other charges. The State explained that the expungement remedy is available only when a person "has been charged with the commission of a crime, including a violation of the Transportation Article for which a term of imprisonment may be imposed." Md. Code (2001, 2008 Repl. Vol., 2012 Supp.), § 10-105(a) of the Criminal Procedure Article). A person may not obtain the expungement of "a record about a minor traffic violation," *id.*, § 10-102(c), such as speeding.

On May 30, 2018, the circuit court conducted a hearing on appellant's petition for expungement. At the hearing, the court questioned whether it had "the authority to grant a partial expungement." On July 9, 2018, the court denied the petition for expungement without prejudice. Appellant noted a timely appeal.

Under § 10-105 of the Criminal Procedure Article, a court has no discretion to deny the remedy of expungement if a person has demonstrated his or her statutory entitlement to it. *See Reid v. State*, 239 Md. App. 1, 13 (2018); *State v. Nelson*, 156 Md. App. 558, 568 (2004); *Ward v. State*, 37 Md. App. 34, 36 (1977). It follows that, on appeal, a person's eligibility for expungement is a question of law that is subject to de novo review.

Under § 10-105(a)(4) of the Criminal Procedure Article, appellant had the right to petition the court to expunge certain police records, court records, or other records maintained by the State if a nolle prosequi was entered, provided that she waited three years (*id.*, § 10-105(c)(1)), which she did. Appellant argues that the circuit court had no discretion to deny the petition for expungement, at least as to the charges other than the minor traffic violation of speeding. The State agrees, as do we.

2

In this case, the court balked at expunging the records pertaining to the charges of driving on a suspended license, possessing a suspended license, and displaying a suspended license if it could not expunge the conviction for speeding as well. The court appears to have believed that appellant would be entitled to expungement only if it could expunge all of the charges concerning the same incident, transaction, or set of facts. In the circumstances of the present case, that belief was incorrect.

Section 10-107 of the Criminal Procedure Article dictates what a court must do if a petition for expungement involves two or more charges arising from the same incident, transaction, or set of facts:

> (a)(1) In this subtitle, if two or more charges, *other than one for a minor traffic violation*, arise from the same incident, transaction, or set of facts, they are considered to be a unit.
>
> (2) *A charge for a minor traffic violation that arises from the same incident, transaction, or set of facts as a charge in the unit is not part of the unit.*
>
> (b)(1) If a person is not entitled to expungement of one charge in a unit, the person is not entitled to expungement of any other charge in the unit.
>
> (b)(2) *The disposition of a charge for a minor traffic violation that arises from the same incident, transaction, or set of facts as a charge in the unit does not affect any right to expungement of a charge or conviction in the unit.*

(Emphasis added.)

In other words, under § 10-107, if two or more charges arise from the same incident, transaction, or set of facts, they are typically considered as a unit; and the petitioner is typically not entitled to expungement of any individual charge in that unit

3

unless he or she is entitled to expungement of all of them. A charge for a minor traffic violation, however, does not count as part of the unit even if it arises from the same incident, transaction, or set of facts as the other charges. Therefore, the existence of a minor traffic violation does not prevent a court from expunging other charges that arose from the same incident, transaction, or set of facts.

In this case, there was no dispute that appellant was entitled to expungement of the charges for driving on a suspended license, possessing a suspended license, and displaying a suspended license: the conviction for a minor traffic violation does not affect the right to expungement for the three incarcerable traffic violations that did not result in a conviction even though they arose from the same incident. The court, therefore, erred in denying the petition to expunge as to the charges for driving on a suspended license, possessing a suspended license, and displaying a suspended license.

**JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE COUNTY REVERSED. CASE REMANDED TO THE CIRCUIT COURT FOR BALTIMORE COUNTY WITH DIRECTIONS TO GRANT APPELLANT'S PETITION TO EXPUNGE AS TO COUNTS 2, 3, AND 4 IN CASE NO. 03-K-13-004361. BALTIMORE COUNTY TO PAY ALL COSTS.**

4