CURLEY L. FAULK *v.* STATE'S ATTORNEY
FOR HARFORD COUNTY

[No. 1491, September Term, 1981.]

*Decided November 3, 1982.*

The cause was argued before MOYLAN, J., and W. ALBERT
MENCHINE, Associate Judge of the Court of Special Appeals
(retired), and JAMES S. GETTY, Chief Judge of the Fourth
Judicial Circuit, specially assigned.

*Stuart L. Alison,* with whom was *James A. Close* on the
brief, for appellant.

*Diana Motz, Assistant Attorney General,* with whom were
*Stephen H. Sachs, Attorney General,* and *James L. Shea,
Assistant Attorney General,* on the brief, for appellee.

MOYLAN, J., delivered the opinion of the Court.

This appeal raises the single issue of whether the Public Information Act of 1970, codified as Article 76A of the Annotated Code, has, advertently or inadvertently, expanded the right to discovery available to a criminal defendant under Maryland Rule 741. We have no difficulty in holding that it has not.

Neither the Maryland Public Information Act nor its federal counterpart, the Freedom of Information Act,[1] is directed at the specific statutory or due process entitlements of parties before courts or administrative agencies to receive information necessary for the proper presentation or defense of their cases. Both the Maryland and the federal acts are concerned with the broader right of all citizens to have access to the workings of their government. *Superintendent, Maryland State Police v. Henschen,* 279 Md. 468, 369 A.2d 558; *National Labor Relations Board v. Robbins Tire and Rubber Company,* 437 U.S. 214, 98 S.Ct. 2311, 57 L.Ed.2d 159 (1978). The interest of the appellant at bar was far more than that of a citizen generally concerned with the workings of his government.

The appellant is Curley L. Faulk. The event that led directly to this litigation was the filing of two indictments against the appellant by the Grand Jury for Harford County, charging him with two separate burglaries. Initially, the appellant sought, under Maryland Rule 741, to have the police reports of the crimes turned over to him. Since such production is clearly not contemplated by Maryland Rule 741, the requested discovery was denied. The appellant subsequently filed a petition in the Circuit Court for Harford County demanding the production of such records under the Public Information Act. The respondent-appellee, the State's Attorney's Office for Harford County, answered the petition, filed supporting pleadings and memoranda, and moved for summary judgment. On October 19, 1981, Judge Brodnax Cameron, Jr. granted summary judgment in favor of the appellee. The appellant requested a reconsideration of that

---

1. Codified as 5 U.S.C. § 552.

ruling. In denying the reconsideration, Judge Cameron reaffirmed his original oral ruling with a written, supplemental opinion. This appeal follows from that judgment.

This was an appropriate case for summary judgment, for there was no genuine dispute of any material fact. The sole issue is one of law.

Section 3(a) of Article 76A provides generally that the custodian of any public records shall allow any person the right of inspection of such records. This general access is, however, limited by, *inter alia,* the provisions of subsection (b). That subsection covers five broad categories of records that are exempt from general public access. The first of those five exempt categories is the one that concerns us in this case. It deals with the "records of investigations conducted by ... any sheriff, county attorney, city attorney, State's attorney, the Attorney General, police department, or any investigatory files compiled for any other law-enforcement, judicial, correctional, or prosecution purposes ...." The appellant does not contest the fact that the records in issue in this case were investigatory files compiled by the Sheriff's Office for use in pending criminal cases. What is at issue, however, as we narrow the focus in upon an exception to that exemption is the meaning of the following words:

> "... but the right of a person in interest to inspect the records may be denied only to the extent that the production of them would (A) interfere with valid and proper law-enforcement proceedings ...."

Our job is made easier because the area of disagreement between the appellant and appellee is very narrow. At one end of the spectrum, they both agree that (1) if a case is pending *and* (2) the disclosure of the records would actually interfere with the law enforcement proceeding, the records need not be disclosed. At the far end of the spectrum, they both agree that if (1) there is no case still pending, *and* (2) there would be no interference with a law enforcement proceeding, the records must be disclosed. The dispute is over that middle range of the spectrum where a criminal case is

still pending but there has been no actual showing that disclosure would interfere with a law enforcement proceeding.

The State's Attorney maintained and Judge Cameron ruled that the very pendency of the criminal case makes any disclosure broader than that contemplated by the available rules of discovery a *per se* interference with a law enforcement proceeding. The pendency of the case, therefore, properly triggers the exemption from disclosure. The appellant, on the other hand, reads the statutory language to compel that there be an actual showing as to how the disclosure would interfere with a pending proceeding on a case-by-case basis. There was no actual showing made in this case of anything beyond the fact that criminal charges were pending. If, therefore, the appellant is correct in his reading of the statute, he must prevail.

In interpreting the Maryland Public Information Act, we are fortunate in having available the Supreme Court's interpretation of counterpart provisions of the federal Freedom of Information Act. Its provisions exempting "investigatory records compiled for law enforcement purposes" from the general provisions establishing public access parallel almost verbatim the Maryland provisions. In interpreting the Maryland act, we have already deemed it appropriate to look to the Supreme Court's interpretation of the federal act as highly persuasive authority. *Equitable Trust Company v. Maryland Commission on Human Relations,* 42 Md.App. 53, 75-76, 399 A.2d 908, *rev'd on other grounds,* 287 Md. 80, 411 A.2d 86. In dealing with the very issue before us, the Supreme Court in *National Labor Relations Board v. Robbins Tire and Rubber Company, supra,* rendered a thoughtful and scholarly interpretation dealing with the breadth of the exemption. We find it highly persuasive and we are, indeed, persuaded.

The Supreme Court was dealing with a nondisclosure provision for investigatory records and with an exemption from that nondisclosure that tracks precisely the Maryland provisions now before use. The Supreme Court, at 437 U.S. 222, set out the statutory provision to be interpreted:

"In 1974, this exemption was rewritten to permit the nondisclosure of 'investigatory records compiled for law enforcement purposes,' but only to the extent that producing such records would involve one of six specified dangers. The first of these, with which we are here concerned, is that production of the records would 'interfere with enforcement proceedings.'"

The defendant company there, as the appellant here, claimed that the investigatory file could only be exempted from the general disclosure provisions if the custodian of records actually made a showing, on a case-by-case basis, that the particular disclosure of a particular record would actually "interfere with enforcement proceedings." The Supreme Court summarized the defendant's position, at 437 U.S. 222:

"It argues that the legislative history conclusively demonstrates that the determination of whether disclosure of any material would 'interfere with enforcement proceedings' must be made on an individual, case-by-case basis."

The NLRB there, as the State's Attorney for Harford County here, made the contrary claim that the very pendency of a proceeding or an investigation would, *ipso facto,* shield the records from disclosure. The Supreme Court stated the Government's position, at 437 U.S. 222:

"The Board urges that a particularized, case-by-case showing is neither required nor practical, and that witness statements in pending unfair labor practice proceedings are exempt as a matter of law from disclosure while the hearing is pending."

The Supreme Court held emphatically that the very pendency of a case operated to shield the investigative records from disclosure. In its statutory interpretation, it looked first to the language of the statute and concluded that it could "find little support in the language of the statute itself for respondent's view that determinations of 'interfer-

ence' under Exemption 7 (A) [5 U.S.C. § 552 (b) (7) (A)] can be made only on a case-by-case basis." *Id.* at 223. It looked beyond the statutory language, moreover, and found that an examination of the legislative history unequivocally led to the same conclusion. It held that the right of access of a party in interest to certain investigatory information unless the custodian could show an interference with law enforcement proceedings, was intended to keep investigatory files from remaining forever sealed long after any reason for confidentiality had ceased to exist. It found legislative intent to have been expressed by a proposal submitted during the hearings by the Administrative Law Division of the American Bar Association, 2 Senate Hearings 158:

> "[W]ith passage of time, . . . when the investigation is all over and the purpose and point of it has expired, it would no longer be an interference with enforcement proceedings and there ought to be disclosure."

Reasoning from that, the Supreme Court then stated its own interpretation of the language of the exemption, at 437 U.S. 232:

> "The tenor of this description of the statutory language clearly suggests that the release of information in investigatory files prior to the completion of an actual, contemplated enforcement proceeding was precisely the kind of interference that Congress continued to want to protect against."

Conversely, the Supreme Court found it unlikely that the legislature had intended, through indirection, to "change the substantive discovery rules," *Id.* at 237, and to do it, moreover, in a manner that would "cause substantial delays." It pointed out that in the federal forum, as here, discovery rulings are not appealable until the end of the case but that an agency's denial of a request under the Freedom of Information Act, as under our Public Information Act, is immediately appealable. It concluded, in this regard, at 437 U.S. 238:

"The potential for delay and for restructuring of the
... routine adjudications ... is thus not
insubstantial.

In the absence of clear congressional direction to
the contrary, we should be hesitant under ordinary
circumstances to interpret an ambiguous statute to
create such dislocations."

The Supreme Court's conclusion was unequivocal, as it
held at 437 U.S. 239:

"[T]he dangers posed by premature release of the
statements sought here would involve precisely the
kind of 'interference with enforcement proceedings'
that Exemption 7(A) was designed to avoid."

It reiterated that conclusion, at 437 U.S. 241:

"In short, prehearing disclosure of witnesses'
statements would involve the kind of harm that
Congress believed would constitute an 'interference'
with ... enforcement proceedings: that of giving a
party litigant earlier and greater access to the ...
case than he would otherwise have."

The Supreme Court ended its discussion by restressing the
broader purpose of a public information act:

"The basic purpose of FOIA is to ensure an informed
citizenry, vital to the functioning of a democratic
society, needed to check against corruption and to
hold the governors accountable to the governed." *Id.*
at 242.

It then contrasted the very different purpose sought by the
defendant there, as indeed sought by the appellant here:

"Respondent concedes that it seeks these
statements solely for litigation discovery purposes,
and that FOIA was *not* intended to function as a
private discovery tool . . . ." (Emphasis in original.)
*Id.*

With respect to the broader purpose, it concluded:

"[W]e cannot see how FOIA's purposes would be defeated by deferring disclosure until after the Government has 'presented its case in court.'" *Id.*

We attribute to the Maryland General Assembly with respect to the Public Information Act the same intent that *National Labor Relations Board v. Robbins, supra,* attributed to the National Congress with respect to the Freedom of Information Act.

> *Judgment affirmed; costs to be paid by appellant.*