998 A.2d 909

**ROBERT B.**

v.

**STATE of Maryland.**

**No. 266, Sept. Term, 2009.**

Court of Special Appeals of Maryland.

July 8, 2010.

**624**

Mary–Denise Davis & Brian M. Saccenti (Elizabeth L. Julian, Acting Public Defender, on the brief) Baltimore, MD, for appellant.

Sarah P. Pritzlaff (Douglas F. Gansler, Atty. Gen., on the brief) Baltimore, MD, for appellee.

Panel: EYLER, DEBORAH S., MEREDITH, PAUL A. HACKNER (Specially Assigned), JJ.

PAUL A. HACKNER, J., Specially Assigned.

On March 20, 2009, the Circuit Court for Baltimore City denied Appellant Robert B.'s[1] petition for expungement of a criminal charge on the ground that he was not qualified for an expungement under Md.Code (2001, 2008 Repl.Vol., 2009 Cum. Supp.), § 10–105(e)(4) of the Criminal Procedure Article ("CP"). Appellant challenges that order, and presents a single question for review. As we have restated it, the question before this Court is whether the circuit court committed error in denying Robert B.'s expungement because he was a "defendant in a pending criminal proceeding," as contemplated by CP § 10–105(e)(4).

For the reasons that follow, we hold that the circuit court committed legal error and we will reverse and remand the matter to the circuit court for further proceedings.

## FACTS AND PROCEEDINGS

Appellant was charged with possession with intent to distribute and simple possession of a controlled dangerous substance in the District Court of Maryland for Baltimore City on June 7, 2008. On August 7, 2008, the State entered a *nolle prosequi* on the possession with intent to distribute charge, leaving only the simple possession count for trial. On Septem-

---

1. Pursuant to an Order of this Court entered on May 29, 2009, the case caption, all appellate briefs, and this Court's written opinion will not mention appellant's last name. Consistent with that Order, appellant will be referred to as "Robert B."

ber 9, 2008, the case was transferred to the Circuit Court for Baltimore City after appellant requested a jury trial. A *nolle prosequi* was entered on the remaining possession charge on October 6, 2008.

Appellant filed a petition for expungement of both charges in accordance with CP § 10–105(a) on February 6, 2009. The petition was accompanied by a general waiver of any liability claim against the Baltimore City Police Department. At the time he filed the petition, appellant was on probation for a prior armed robbery conviction that resulted from a guilty plea on July 25, 2007, in the Circuit Court for Howard County. Due to appellant's probationary status, the State objected to the petition for expungement, contending that appellant "has been charged with a crime."

The circuit court denied the petition for expungement, concluding that appellant was "a defendant in a pending criminal proceeding" because of his probationary status, and that he was therefore ineligible to obtain an expungement under CP § 10–105(e)(4)(ii)(2). Appellant subsequently noted this appeal.

## DISCUSSION

Subtitle 1 of Criminal Procedure Article Title 10 deals with expungements in Maryland. First enacted in 1975, this subtitle sets forth the petition process and eligibility requirements to obtain an expungement. A criminal charge concluded by the entry of a *nolle prosequi* is generally subject to expungement under the statute:

### § 10–105. Expungement of record after charge is filed

(a) A person who has been charged with the commission of a crime[ ] may file a petition listing relevant facts for expungement of a police record, court record, or other record maintained by the State or a political subdivision of the State if:

\* \* \*

(4) a nolle prosequi or nolle prosequi with the requirement of drug or alcohol treatment is entered[.]

However, that section limits the right to expungement as follows:

(e)(4) The person is not entitled to expungement if:

(i) the petition is based on the entry of probation before judgment, a nolle prosequi, a stet, including a nolle prosequi with the requirement of drug or alcohol abuse treatment, a conviction for a crime specified in subsection (a)(9) of this section, or the grant of a pardon by the Governor; and

(ii) the person:

1. since the full and unconditional pardon, entry, or conviction has been convicted of a crime other than a minor traffic violation; or

2. *is a defendant in a pending criminal proceeding.*

(Emphasis added).

Thus, the statute precludes expungement under two circumstances. First, a person is ineligible under subsection (e)(4)(ii)(1) if he "has been convicted of a crime other than a minor traffic violation" since the entry of a *nolle prosequi.*[2] Second, a person is ineligible under subsection (e)(4)(ii)(2) if he is "a defendant in a pending criminal proceeding."

The issue before this Court is whether the fact that appellant was on probation makes him "a defendant in a pending criminal proceeding" as contemplated by CP § 10–105(e)(4)(ii)(2).

■ The issue presented is purely a question of law. Therefore, this Court must determine whether the result reached by the trial court was legally correct without giving deference to the legal conclusion of the trial court. *White, et al. v. The Pines Community Improvement Assoc., Inc., et al.,* 403 Md. 13, 31, 939 A.2d 165 (2008); *YIVO Institute for Jewish Research v. Zaleski,* 386 Md. 654, 662–63, 874 A.2d 411

---

**2.** There is no contention that appellant would not qualify for expungement because of this provision.

(2005); *Nesbit v. Government Employees Ins. Co.*, 382 Md. 65, 72, 854 A.2d 879 (2004).

## A. Principles of Statutory Interpretation

■ " 'The cardinal rule of statutory construction is to ascertain and effectuate the intent of the legislature.' " *Stoddard v. State*, 395 Md. 653, 661, 911 A.2d 1245 (2006) (quoting *Walzer v. Osborne*, 395 Md. 563, 571, 911 A.2d 427 (2006)). The Court of Appeals has stated that, "[t]o determine that purpose or policy, we look first to the language of the statute, giving it its natural and ordinary meaning." *State Dept. of Assessments and Taxation v. Maryland–Nat'l Capital Park & Planning Comm'n*, 348 Md. 2, 13, 702 A.2d 690 (1997); *Montgomery County v. Buckman*, 333 Md. 516, 636 A.2d 448 (1994). " 'Statutory construction begins with the plain language of the statute, and ordinary, popular understanding of the English language dictates interpretation of its terminology.' " *Chow v. State*, 393 Md. 431, 443, 903 A.2d 388 (2006) (quoting *Witte v. Azarian*, 369 Md. 518, 801 A.2d 160 (2002)). *See also Arundel Corp. v. Marie*, 383 Md. 489, 502, 860 A.2d 886 (2004). "When the statutory language is clear, we need not look beyond the statutory language to determine the Legislature's intent." *Marriott Employees Fed. Credit Union v. MVA*, 346 Md. 437, 697 A.2d 455 (1997). "If the words of the statute, construed according to their common and everyday meaning, are clear and unambiguous and express a plain meaning, we will give effect to the statute as it is written." *Stoddard*, 395 Md. at 661, 911 A.2d 1245. *See also Walzer*, 395 Md. at 571, 911 A.2d 427 (quoting *Jones v. State*, 336 Md. 255, 261, 647 A.2d 1204 (1994)). Additionally, "[w]e neither add nor delete words to a clear and unambiguous statute to give it a meaning not reflected by the words the Legislature used or engaged in forced or subtle interpretation in an attempt to extend or limit the statute's meaning." *Taylor v. NationsBank, N.A.*, 365 Md. 166, 776 A.2d 645 (2001). *See also Chow*, 393 Md. at 443, 903 A.2d 388. " 'If there is no ambiguity in th[e] language, either inherently or by reference to other relevant laws or circumstances, the inquiry as to legislative intent ends....' "

*Stoddard,* 395 Md. at 662, 911 A.2d 1245 (quoting *Chow,* 393 Md. at 443–44, 903 A.2d 388).

"If the language of the statute is ambiguous, however, then 'courts consider not only the literal or usual meaning of the words, but their meaning and effect in light of the setting, the objectives and purpose of [the] enactment [under consideration].'" *Stoddard,* 395 Md. at 662, 911 A.2d 1245 (quoting *Fraternal Order of Police v. Mehrling,* 343 Md. 155, 174, 680 A.2d 1052, (1996) (quoting *Tucker v. Fireman's Fund Ins. Co.,* 308 Md. 69, 75, 517 A.2d 730 (1986))). The Court of Appeals has explained that there is ambiguity in a statute "when there exist 'two or more reasonable alternative interpretations of the statute.'" *Stoddard,* 395 Md. at 662, 911 A.2d 1245 (quoting *Chow,* 393 Md. at 444, 903 A.2d 388).

In construing a statute, "[w]e avoid a construction of the statute that is unreasonable, illogical, or inconsistent with common sense." *Blake v. State,* 395 Md. 213, 224, 909 A.2d 1020 (2006) (citing *Gwin v. MVA,* 385 Md. 440, 462, 869 A.2d 822 (2005)); *see also Frost v. State,* 336 Md. 125, 137, 647 A.2d 106 (1994). Additionally, "the meaning of the plainest language is controlled by the context in which it appears." *State v. Pagano,* 341 Md. 129, 133, 669 A.2d 1339 (1996). Because the language is a part of the context in which it is found, "related statutes or a statutory scheme that fairly bears on the fundamental issue of legislative purpose or goal must also be considered." *Gordon Family Partnership v. Gar On Jer,* 348 Md. 129, 138, 702 A.2d 753 (1997) (citing *Popham v. State Farm Mutual Insurance Company,* 333 Md. 136, 148, 634 A.2d 28 (1993)). "Thus, not only are we required to interpret the statute as a whole, but, if appropriate, in the context of the entire statutory scheme of which it is a part." *Id.*

*B. Probation is not a "pending" criminal proceeding*

The expungement provisions of Subtitle 1 of Title 10 of the Criminal Procedure Article do not define the term "pending" as it is used in § 10–105(e)(4)(ii)(2). Nevertheless, there is no reason to think, nor do the parties suggest, that the term

"pending" is ambiguous on its face. When interpreting an unambiguous statutory term, that term is defined by its common understanding. *Chow*, 393 Md. at 443, 903 A.2d 388; *Stoddard*, 395 Md. at 661, 911 A.2d 1245. The Court of Appeals has said that, "[w]hen the term in a statute is a legal term, absent any legislative intent to the contrary, the term is presumed to be used in its legal sense." *Montgomery County v. Wildwood Medical Center, L.L.C.*, 176 Md.App. 731, 741, 934 A.2d 484 (2007) (citing *Dean v. Pinder*, 312 Md. 154, 161, 538 A.2d 1184 (1988)).

We believe the term "pending," as it is commonly understood and used in its basic legal sense, means the period of time beginning with the inception of an action and ending at the entry of a final judgment. For instance, Black's Law Dictionary defines the term "pending" to mean "[r]emaining undecided; awaiting decision <a pending case>." Black's Law Dictionary 1169 (8th ed. 2004). As will be explained below, this definition is supported by case law, which establishes that every criminal action begins when charges are initiated and ends when a judgment is entered. In the context of a criminal case, the judgment consists of the sentence imposed by the court.

A criminal case begins upon a "formal charge, preliminary hearing, indictment, information, or arraignment." *Webster v. State*, 299 Md. 581, 474 A.2d 1305 (1984) (citing *Jackson v. State*, 17 Md.App. 167, 171–72, 300 A.2d 430 (1973); *cert. denied*, 268 Md. 749 (1973)). "The initiation of judicial criminal proceedings is far from a mere formalism. It is the starting point of our whole system of adversary criminal justice. For it is only then that the adverse positions of government and defendant have solidified." *Jackson*, 17 Md. App. at 171, 300 A.2d 430 (1973) (quoting *Kirby v. Illinois*, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411, (1972)).

A criminal proceeding is completed when a "sentence is imposed on a verdict of guilty. That is when judgment is entered." *Chmurny v. State*, 392 Md. 159, 896 A.2d 354 (2006). *See also Tweedy v. State*, 380 Md. 475, 845 A.2d 1215 (2004); *Greco v. State*, 347 Md. 423, 433, 701 A.2d 419

(1997); *Whack v. State,* 338 Md. 665, 659 A.2d 1347 (1995); *Myers v. State,* 303 Md. 639, 645, 496 A.2d 312 (1985). For purposes of appeal, judgment in a criminal case is final and appealable once a guilty verdict has been returned and a sentence imposed. A guilty verdict alone may not be appealed. *Jones v. State,* 298 Md. 634, 637, 471 A.2d 1055 (1984). "Until sentence, and with it a judgment, is entered, the presumption of innocence continues to exist; it is the judgment that rebuts and erases that presumption." *Chmurny,* 392 Md. at 168, 896 A.2d 354. *See also McCoy v. Court of Appeals of Wisconsin Dist. 1,* 486 U.S. 429, 436, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988) ("After a judgment of conviction has been entered, however, the defendant is no longer protected by the presumption of innocence.").

Giving the expression its "natural and ordinary meaning," we conclude that a criminal proceeding is "pending" for purposes of CP § 10–105(e)(4)(ii)(2) beginning with the formal charges, and ending upon entry of a judgment in the form of a sentence.

### 1. Case Law

In *Blythe v. State,* 161 Md.App. 492, 561, 870 A.2d 1246 (2005), this Court held that a defendant still serving a sentence was not a defendant in a "pending criminal proceeding in the context of the Maryland Public Information Act (MPIA)." [3] In that case, Blythe made an MPIA request to obtain records from the State Attorney's Office relating to his murder convictions in 1997. Blythe was still serving his sentence when the request was made. The State's Attorney denied Blythe's MPIA request on the ground that because his sentence was not complete, he was a defendant in a "pending criminal case" and that "disclosure would interfere with a valid

---

**3.** Blythe's initial request to inspect investigatory records related to his prosecution was denied pursuant to Md.Code (1984, 2009 Repl.Vol.) § 10–618(f)(2) of the State Government Article ("SG"), which states that "[a] custodian may deny inspection by a person in interest only to the extent that the inspection would (i) interfere with a valid and proper law enforcement proceeding[.]"

and proper law enforcement proceeding." This Court rejected that argument, stating:

> If the County were correct that the mere possibility that a post-conviction petition might be filed compelled the conclusion that the criminal case was still pending, no criminal case would ever be final and the reasoning of the *Faulk* opinions would have been pointless. As long as a convicted defendant is still serving a sentence or is on parole or probation, the possibility of filing a post-conviction petition or a writ of federal habeas corpus or a writ of *coram nobis* is always present. *Faulk's* language about there being no harm in temporarily deferring the disclosure "until the termination of a criminal proceeding" would be meaningless. The deferral would be a permanent denial.

*Id.* at 561, 870 A.2d 1246.[4]

In *Whack v. State*, 338 Md. 665, 659 A.2d 1347 (1995), the Court of Appeals considered whether the defendant had been "convicted" of a predicate offense so as to subject him to an

---

**4.** In the *Blythe* case, this Court distinguished our decision in *Faulk v. State's Attorney for Harford County*, 52 Md.App. 616, 451 A.2d 936 (1982), and the subsequent affirming decision of the Court of Appeals in *Faulk v. State's Attorney for Harford County*, 299 Md. 493, 474 A.2d 880 (1984).

The *Faulk* cases dealt solely with an MPIA request of a defendant in a *pending* criminal proceeding. Those cases established that the MPIA did not require the State's Attorney to make a specific showing that production of the requested materials would interfere with a pending criminal proceeding. If the proceeding was "pending," then only a general denial of the request was needed under the MPIA.

In light of the historical development of [SG § 10–618(f)] we are persuaded that the purpose of the amendment was to make clear that [SG § 10–618(f)] did not protect material simply because it was characterized as an investigatory record of a statutorily enumerated agency and did not sanction nondisclosure of investigatory records, either when there was no initial reason for confidentiality because no enforcement proceeding was contemplated or pending, or after any reason for confidentiality had ceased to exist because an enforcement proceeding had been concluded. Indeed, the purpose of [SG § 10–618(f)] was to permit nondisclosure of investigatory records compiled for law-enforcement purposes only when there was a need for confidentiality because of a contemplated or pending law-enforcement proceeding.

enhanced sentence under former Article 27, Section 286(c)(1) which was part of the Controlled Substances Act.[5] At the time the subsequent offense was tried, a petition for writ of certiorari with respect to the prior conviction was still pending in the Court of Appeals. Nevertheless, the trial court ruled that Whack's conviction for the predicate offense qualified him for an enhanced sentence. The Court of Appeals agreed and defined the term "convicted" in its "legal and technical sense, to mean following judgment or sentence."[6] Whack had argued that he should not have been deemed "convicted" until all avenues of appellate review were exhausted. The Court rejected that argument, holding that once a judgment has been entered, it remains conclusive and final until set aside on appeal. "Convictions are a verity until set aside, and the use of prior convictions pending on appeal for punishment enhancement in another case is permissible." *Id.*, 338 Md. at

---

*Faulk*, 299 Md. at 508, 474 A.2d 880.

5. In pertinent part, Article 27, Section 286(c)(1) reads:

A person who is convicted under subsection (b)(1) or subsection (b)(2) of this section, or of conspiracy to violate subsection (b)(1) or (b)(2) of this section shall be sentenced to imprisonment for not less than 10 years if the person previously has been convicted:

 (i) Under subsection (b)(1) or subsection (b)(2) of this section;

 (ii) Of conspiracy to violate subsection (b)(1) or subsection (b)(2)
 . . .

Article 27 Section 286(b)(1) provides, inter alia, that any person distributing a Schedule I or II narcotic drug is guilty of a felony and subject to imprisonment of not more than 20 years and/or a fine of not more than $25,000. Section 286(b)(2) provides, inter alia, that a person convicted of distributing certain non-narcotic Schedule I or II drugs is subject to imprisonment for not more than 20 years and/or a fine of not more than $20,000.

*Whack*, 338 Md. at 671 n. 3, 659 A.2d 1347.

6. The second appearance of "convicted"—*if the person has previously been convicted*—is the operative term for subsequent offender treatment. This word may be interpreted in one of three ways: in its general and popular sense, to mean establishment of guilt pursuant to a verdict or plea of guilty; in its legal and technical sense, to mean following judgment or sentence; or in its "final" sense, to mean establishment of guilt, judgment, or sentence, and absence or resolution of any appeal.

*Whack*, 338 Md. at 675, 659 A.2d 1347.

675, 659 A.2d 1347 (citing *State v. Swartz,* 140 Ariz. 516, 683 P.2d 315, 318 (1984)). The possibility that the judgment, or any portion of it, may be set aside in a pending appeal does not affect the finality of the judgment.[7]

Since a criminal judgment is conclusive despite the possibility of being set aside on appeal, it stands to reason that Appellant's conviction is conclusive even though his probation may later be revoked. An appeal from a criminal conviction addresses the merits of the underlying judgment and can result in the judgment being overturned. By contrast, a violation of probation arises independently from the underlying case. It does not alter the original judgment, even though the court can order execution of a previously suspended jail term.[8]

One cannot reconcile a statutory interpretation that a criminal proceeding remains "pending" during probation, but that it

---

**7.** Whack relied on a series of federal cases to support the proposition that the repeat offender statute required a "final judgment," which meant complete exhaustion of appellate review. The Court rejected that argument, and found that while the current version of the federal statute had been interpreted to require a "final judgment," the corresponding Maryland statute contained no such requirement.

[T]he [federal] statute has been construed to mean that, for purposes of imposing an enhanced penalty under [the federal statute], a prior conviction is not final if it is subject to or pending on direct appellate review.

<center>* * *</center>

The Maryland statutes are clearly different from the federal statute relied upon by Whack. Neither [of the applicable Maryland statutes] contains the qualification that convictions must be *final.*
*Whack,* 338 Md. at 676–77, 659 A.2d 1347.

**8.** If [ ] the defendant fails to perform the conditions of probation he may forfeit the benefits of probation. In such a case, when the original sentence or some portion of it is re-imposed, the "original sentence is the only true punishment; the probation revocation is merely the withdrawal of favorable treatment previously afforded the defendant." In other words, when a probationer violates a condition of his probation, he is not subject to an additional punishment for that violation; but rather to the forfeiture of his conditional exemption from punishment for the original crime.
*Williams v. State,* 72 Md.App. 233, 235–36, 528 A.2d 507 (1987) (citing *Clipper v. State,* 295 Md. 303, 313, 455 A.2d 973 (1983) (internal citations omitted)).

is not "pending" during appeal. We may not interpret a statute in a manner that would be "illogical" and "inconsistent with common sense," a construction of the statute we must avoid. *Blake*, 395 Md. at 224, 909 A.2d 1020.

## 2. Statutory Context and Interpretation

■ A reading of the expungement statute as a whole supports the conclusion that a criminal proceeding is not "pending" under CP § 10–105(e)(4)(ii)(2) merely because a defendant is on probation in that proceeding when he applies for expungement of a record of another proceeding that was *nol prossed.*

■ CP § 10–105(c) describes the time requirements for filing a petition for expungement.[9] Certain provisions of this section specifically mention completion of probation as a condition precedent to obtaining an expungement. For instance, subsection (c)(6) reads: "[A] petition for expungement based on the conviction of a crime under subsection (a)(9)[10] of this section may not be filed within 3 years after the conviction *or*

---

9. (c) *Time of filing.*
(1) Except as provided in paragraph (2) of this subsection, a petition for expungement based on an acquittal, a nolle prosequi, or a dismissal may not be filed within 3 years after the disposition, unless the petitioner files with the petition a written general waiver and release of all the petitioner's tort claims arising from the charge.
(2) A petition for expungement based on a probation before judgment or a stet with the requirement of drug or alcohol abuse treatment may not be filed earlier than the later of:
(i) the date the petitioner was discharged from probation or the requirements of obtaining drug or alcohol abuse treatment were completed; or
(ii) 3 years after the probation was granted or stet with the requirement of drug or alcohol abuse treatment was entered on the docket.
\* \* \*
(6) A petition for expungement based on the conviction of a crime under subsection (a)(9) of this section may not be filed within 3 years after the conviction or satisfactory completion of the sentence, including probation, that was imposed for the conviction, whichever is later.

10. Crim. Proc. § 10–105(a)(9) provides that a person may be eligible for an expungement of records for convictions of State or local laws that

*satisfactory completion of the sentence, including probation,* that was imposed for the conviction, whichever is later (emphasis added)." This language expresses the legislature's intention that for the enumerated offenses, the waiting period for expungement extends beyond conviction and the entry of a judgment. The use of the word "or" in (c)(6), indicates that a "conviction" means something different than the "completion of the sentence, including probation." Otherwise, this language would be surplusage. "A plain reading of the statute assumes none of its language is superfluous or nugatory." *Bost v. State,* 406 Md. 341, 350, 958 A.2d 356 (2008) (citing *Tribbitt v. State,* 403 Md. 638, 646, 943 A.2d 1260 (2008)).

Subsection (c)(2)(i) states that a petition for expungement based on a probation before judgment may not be filed before "the date the petitioner was discharged from probation." If the legislature had intended for subsection (e)(4)(ii)(2) to preclude an expungement while a defendant was on probation, there would be no need for that language in (c)(2)(i). We must presume that the legislature did not intend for these two sections to be redundant.

By contrast, subsection (c)(1), which provides for expungement based on an acquittal, *nolle prosequi,* or dismissal, begins the time line from "the disposition." The only time constraints for expungements under these circumstances are the expiration of the tort limitations period or the filing of a written general release of tort claims by the petitioner.

*C. Probation is not a "criminal proceeding"*

It is well established in Maryland that a revocation of probation hearing is a civil proceeding. *Chase v. State,* 309 Md. 224, 522 A.2d 1348 (1987). Both Maryland and Supreme Court cases have made it "luminously clear [ ] that a revocation of probation proceeding is not a stage in a criminal prosecution. It is firmly established as a civil action[.]" *Id.* (citing *Howlett v. State,* 295 Md. 419, 456 A.2d 375 (1983)).

---

prohibit certain public nuisance crimes such as public urination, drinking, vagrancy and the like.

■■■■■■■ Many of the constitutional rights inherent in criminal proceedings are not available in revocation of probation proceedings. For instance, a defendant is not entitled to a trial by jury at a probation hearing. *Chase,* 309 Md. at 239, 522 A.2d 1348 (citing *Minnesota v. Murphy,* 465 U.S. 420, 104 S.Ct. 1136, 79 L.Ed.2d 409 (1984)). Nor is a defendant protected against compelled self-incrimination under the Fifth Amendment. *Id.* The right to confront witnesses is not absolute (*Morrissey v. Brewer,* 408 U.S. 471, 489, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); *Gagnon v. Scarpelli,* 411 U.S. 778, 786, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *State v. Fuller,* 308 Md. 547, 552, 520 A.2d 1315 (1987); *Thompson v. State,* 156 Md.App. 238, 246, 846 A.2d 477 (2004)) and the rules of evidence do not strictly apply. *Dean v. State,* 291 Md. 198, 202, 434 A.2d 552 (1981). The exclusionary rule for evidence illegally seized under the Fourth and Fourteenth Amendments does not ordinarily apply at a revocation of probation hearing. *Chase,* 309 Md. at 252, 522 A.2d 1348 (1987). At the conclusion of the probation revocation hearing, the judge must be "reasonably satisfied" that a violation occurred; proof beyond a reasonable doubt is not required. *Scott v. State,* 238 Md. 265, 272, 208 A.2d 575 (1965). The "reasonably satisfied" standard is equivalent to the preponderance of the evidence standard. *Wink v. State,* 317 Md. 330, 332, 563 A.2d 414 (1989); *see also McDonald v. State,* 314 Md. 271, 280, 550 A.2d 696 (1988).

Since a violation of probation hearing is considered a civil matter, it would make little sense to view the probationary period that precedes it as a pending criminal proceeding.

The State points out that the statute frequently uses the expression "criminal charge" rather than "criminal proceeding".[11] It argues that the legislature intended "criminal charge" to have a different meaning than "criminal proceeding" and that the latter expression has a broader meaning than the former.

---

11. The term "criminal charge" appears multiple times throughout the expungement statute but is not specifically defined. For example, the

If the language of a statute is unambiguous and expresses a plain meaning, we will give effect to the statute as written. *Stoddard,* 395 Md. at 661, 911 A.2d 1245. As it is well established that a violation of probation hearing is a civil proceeding, we cannot conclude that the legislature meant for a period of probation to be a "criminal proceeding" absent clear statutory language to the contrary.

### D. *Purpose of the Expungement Statute*

 The general purpose of the Criminal Record Expungement Statute, CP § 10–101 *et seq.,* is to "provid[e] for the expungement of certain police and court records, providing procedures for such expungement, prohibiting certain practices concerning criminal charges not resulting in conviction, and relating generally to criminal records." 1975 Md. Laws, Chap. 260. The statute aims to prevent a person from unfairly suffering the social and professional stigma of a criminal charge that did not result in a conviction. "One of the General Assembly's purposes in providing for an expungement procedure was to help protect individuals seeking employment or admission to an educational institution, by entitling them to expungement of unproven charges, so that those individuals could avoid being unfairly judged during their application process." [12] *Stoddard,* 395 Md. at 664, 911 A.2d 1245.

---

term is used in CP § 10–105(a) to describe the proceedings in which a petitioner may be eligible for expungement. In § 10–105(a)(2), a person may receive an expungement if "the charge is otherwise dismissed[.]" Subsection (a)(5) permits expungement if "the court indefinitely postpones trial of a criminal charge by marking the criminal charge 'stet' or stet with the requirement of drug or alcohol abuse treatment on the docket[.]" Subsection (a)(7) permits expungement if "the charge was transferred to the juvenile court under § 4–202 of this article[.]" The term "charge" is also used in subsection (e)(2), which states that if a person is entitled to expungement, "the court shall order the expungement of all police records and court records about the charge."

**12.** We cannot determine whether this was Appellant's primary motivation for seeking expungement, but the legislative intent remains the same.

CP § 10–109 contains the enforcement provisions of the expungement statute and establishes criminal sanctions for its violation.[13] These provisions reflect a value judgment that it is unjust to subject someone to the social consequences of a criminal charge without a finding of guilt. To read the statute in the manner urged by the State would frustrate the purpose of the expungement statute.

■ The State argues that the General Assembly did not intend a defendant to be eligible to obtain an expungement for a *nol prossed* charge "if the person is engaged in criminal wrongdoing after the entry of the *nolle prosequi*."[14] The

---

**13.** Crim. Proc. § 10–109. **Prohibited Acts**
(a)(1) Disclosure of expunged information about criminal charges in an application, interview, or other means may not be required:
(i) by an employer or educational institution of a person who applies for employment or admission; or
(ii) by a unit, official, or employee of the State or a political subdivision of the State of a person who applies for a license, permit, registration, or governmental service.
(2) A person need not refer to or give information concerning an expunged charge when answering a question concerning:
(i) a criminal charge that did not result in a conviction; or
(ii) a conviction that the Governor pardoned.
(3) Refusal by a person to disclose information about criminal charges that have been expunged may not be the sole reason for:
(i) an employer to discharge or refuse to hire the person; or
(ii) a unit, official, or employee of the State or a political subdivision of the State to deny the person's application.
(b)(1) A person who violates this section is guilty of a misdemeanor and on conviction is subject to a fine not exceeding $1,000 or imprisonment not exceeding 1 year or both for each violation.
(2) In addition to the penalties provided in paragraph (1) of this subsection, an official or employee of the State or a political subdivision of the State who is convicted under this section may be removed or dismissed from public service.

**14.** In its brief the State mentions that appellant admitted to a violation of his probation in the prior case on November 12, 2008, in the Circuit Court for Howard County. This occurred after that *nolle prosequi* was entered in the case that is subject to the expungement dispute. There is no evidence of this in the appellate record and a review of the transcript of the expungement hearing demonstrates that the Circuit Court did not have such evidence either. Nevertheless, even if appellant did violate his probation, the outcome of this case would not be affected as a violation of probation is neither a conviction nor a

statute makes clear that a person is not eligible to obtain an expungement if he has been convicted of a crime in the interim between entry of the *nolle prosequi* and petition for expungement. CP § 10–105(e)(4)(ii)(1). The language of CP § 10–105(e)(4)(ii)(2) precluding an expungement if there is a pending criminal proceeding must be read in the context of the immediately preceding section, to prevent a defendant from obtaining an expungement order after being charged with a new offense, but before the new charge is concluded. We do not believe that being on probation qualifies as an inchoate state of wrongdoing that precludes the expungement of a subsequent charge that is *nol prossed.*

## CONCLUSION

We hold that appellant's prior criminal proceeding was concluded when he was sentenced on July 25, 2007, to a suspended prison term and probation. That event constituted the final judgment in the case, despite the possibility that appellant's probation might subsequently be revoked upon a violation. Therefore, there was no criminal proceeding pending as contemplated by CP § 10–105(e)(4)(ii)(2) at the time the petition for expungement was filed. Appellant was otherwise eligible to obtain an expungement of the subsequent charges. Accordingly, the trial court committed error by denying the petition for expungement. We shall reverse the order of the trial court and remand this matter for further proceedings not inconsistent with our opinion.

**JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE CITY REVERSED.**

**CASE REMANDED FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION.**

**COSTS TO BE PAID BY MAYOR AND CITY COUNCIL OF BALTIMORE.**

---

pending criminal proceeding within the meaning of the expungement statute.