*In re Expungement Petition of Vincent S.*, Nos. 607 and 608, September Term 2021.
Opinion by Kehoe, J.

**CRIMINAL PROCEDURE—EXPUNGEMENT—COURT'S AUTHORITY TO ORDER EXPUNGEMENT AT ANY TIME FOR GOOD CAUSE SHOWN**

Md. Code, Crim. Proc. § 10-105(c)(9) authorizes courts to order the expungement of records relating to certain categories of criminal and juvenile cases "at any time on a showing of good cause." The scope of a court's authority to grant a petition for expungement even though the minimum waiting period has not expired is limited to the categories of offenses and dispositions specified in § 10-105. A court's authority to grant expungement at any time for good cause shown does not extend to the broader categories of convictions eligible for expungement pursuant to Md. Code Crim. Proc. § 1-110.

Circuit Court for Baltimore County
Case Nos. 03-K-01-001296
03-K-05-001498

REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

Nos. 607 & 608

September Term, 2021

_____

IN RE EXPUNGEMENT PETITION OF

VINCENT S.

_____

Kehoe,
Leahy,
Moylan, Charles E., Jr.,
  (Senior Judge, Specially Assigned)
JJ.

_____

Opinion by Kehoe, J.

_____

Filed: July 5, 2022

Pursuant to Maryland Uniform Electronic Legal
Materials Act
(§§ 10-1601 et seq. of the State Government Article) this document is authentic.



Suzanne C. Johnson, Clerk

Maryland's statutes pertaining to expungement are codified as Title 10, Subtitle 1 of the Criminal Procedure Article. Crim. Proc. § 10-105(c)(9) authorizes courts to grant petitions for expungement "at any time on a showing of good cause." The issue in this appeal is whether the exercise of this authority is limited to the relatively narrow class of records that can be expunged pursuant to § 10-105 or whether it extends to the much broader universe of records that can be expunged pursuant to Crim. Proc. § 10-110. Vincent S. urges us to give a broad reading to § 10-105(c)(9). It is the State's view that we should construe subsection (c)(9) narrowly. We agree with the State.

Mr. S. filed two petitions for expungement of convictions and related court and police records in the Circuit Court for Baltimore County pursuant to Crim. Proc. § 10-110. After a hearing, the circuit court denied both requests. Mr. S. has appealed both judgments.[1] He presents five questions for our review, which we have consolidated and rephrased as follows:

Did the circuit court err when it denied Mr. S.'s expungement petitions?[2]

---

[1] Because the parties raise the same arguments in both appeals, we will address them in one opinion.

[2] The issues presented by Mr. S. in Appeal No. 607 are (emphasis added):

1. Whether the trial court erred in holding that expungement was unavailable under a conviction *for first degree burglary*, where the expungement statutes provide for such expungement.

2. Whether the trial court erred in holding that expungement was unavailable in view of the existence of the subsequent conviction provisions of the expungement statute.

We will affirm the judgments of the circuit court.

## BACKGROUND

### *The Burglary Convictions (Appeal No. 607, 2021 Term)*

On September 25, 2001, Mr. S. pled guilty to two counts of first-degree burglary. The court imposed a five-year suspended sentence with two years of supervised probation and ordered Mr. S. to pay restitution in the amount of $1,600. He failed to pay the restitution in full. On June 26, 2003, he pled guilty to violating a condition of probation and was sentenced to "time served." There is a notation on the clerk's worksheet to the effect that the case was closed unsatisfactorily and that the matter was referred to the State Central Collection Unit for collection of the balance of the unpaid restitution. It appears that Mr. S. made no further efforts to pay the restitution until the CCU garnished his wages in 2016. Mr. S. ultimately paid the court-ordered restitution, as evidenced by an order of satisfaction filed by the State on May 8, 2018 acknowledging that "this case has been paid, settled, and satisfied."

---

3. Whether the trial court erred in holding that appellant had not satisfied sentences, under [Crim. Proc.] § 10-110(c).

4. Whether the trial court erred in failing to recognize its authority under [Crim. Proc.] § 10-105(c)(9) to grant expungement; with corresponding failure to consider a good cause basis for expungement.

Mr. S.'s issues in Appeal No. 608 are the same as those raised in No. 607, with one exception (emphasis added):

1. Whether the trial court erred in holding that expungement was unavailable under a conviction *for theft, $500.00 plus*, where the expungement statutes provide for such expungement.

- 2 -

*The Felony Theft Conviction (Appeal No. 608, 2021 Term)*

On June 4, 2002, Mr. S. was convicted of felony theft of property with a value of $500 or more.[3] The court sentenced him to five years of incarceration, all but three consecutive weekends suspended, together with three years of supervised probation. The court also ordered him to pay restitution in the amount of $1,300. In 2005, Mr. S. appeared before the District Court and admitted to violating the terms of his probation. Consequently, the court imposed two years of the previously suspended sentence, less 126 days credited for time served.

*The Subsequent Offenses*

On November 3, 2003, Mr. S. pled guilty to one count of misdemeanor possession of drug paraphernalia, and the District Court sentenced him to pay a fine of $50.

Finally, on March 1, 2005, the District Court convicted Mr. S. of acting as a home improvement contractor without a license in violation of Md. Code, Bus. Reg. § 8-601(a). The court sentenced him to 30 days of incarceration and ordered him to pay $3,200 in restitution.

---

[3] At the time of Mr. S.'s arrest and conviction, theft of property with a value of $500 or more was a felony. *See* Md. Code (1957, 1996 Repl. Vol., 2000 Supp.) Art. 27 § 342(f)(1) ("A person convicted of theft where the property or services that was the subject of the theft has a value of $500 or greater is guilty of a felony[.]"). Presently, theft of property of a value of less than $1,500 is a misdemeanor. Md. Code, Crim. Law § 7-104(g)(2).

*The Petitions for Expungement*

On March 10, 2020, Mr. S. filed two petitions requesting that the circuit court employ the authority granted to it by Md. Code, Crim. Proc. § 10-110 to enter orders expunging "all police and court records" relating to his first-degree burglary and felony theft convictions. In each petition, he averred that:

> Fifteen years have passed since the satisfactory completion of the sentence(s) imposed for all convictions for which expungement is requested, including parole, probation, or mandatory supervision. Since the date of conviction[,] I have not been convicted of a crime not now eligible for expungement. I am not now a defendant in any pending criminal action.

On April 13 and 16, 2020, the State filed answers to the petitions. Pertinent to the issues raised on appeal, the State asserted that:

(1) Mr. S.'s first-degree burglary and felony theft were "not yet eligible for expungement" because of Mr. S.'s subsequent criminal convictions; and

(2) Mr. S. was not eligible for expungement of any of his convictions because he had been convicted of acting as a contractor without a license in violation of Bus. Reg. § 8-601. The State pointed out that this offense is not among the crimes eligible for expungement enumerated in Crim. Proc. § 10-105 or Crim. Proc. § 10-110. The State maintained that Mr. S. had not established that he had satisfied the sentences imposed for his first-degree burglary convictions 15 years prior to filing his expungement petition as required by Crim. Proc. § 10-110(a).[4]

_____

[4] At the circuit court level, the State also asserted that Mr. S. was not entitled to expungement of his felony theft conviction because he had violated the terms of his

- 4 -

On May 26, 2021, the circuit court held a hearing on both petitions. The arguments presented to the court are substantively the same as presented to us and we will summarize them shortly. At the close of the hearing, the court deferred ruling from the bench to provide Mr. S.'s counsel with an opportunity to file a post-hearing memorandum of law. After reviewing the memorandum, the court issued orders denying each petition.

## THE STANDARD OF REVIEW

Whether a petitioner is statutorily entitled to the expungement of a prior arrest or conviction is a question of law, which we review de novo. *See In re Expungement of Dione W.*, 243 Md. App. 1, 3 (2019). As a general rule, "[t]he [expungement] statute seems to lodge no discretion in the court, but to mandate either granting or denying the relief, based upon statutorily defined entitlement, or the lack of it." *State v. Nelson*, 156 Md. App. 558, 568 (2004) (cleaned up). For this reason, "a court has no discretion to deny the remedy of expungement if a person has demonstrated his or her statutory entitlement to it." *Id.*

---

probation for that offense and "violation of probation charges are not covered in the Criminal Procedure Article of the Maryland Code, sections 10-105(a) and 10-110(a)." The State did not present this contention on appeal.

As we have previously noted, the Maryland statutes pertaining to expungement are set out in Title 10, Subtitle 1 of the Criminal Procedure Article. The two pieces of this complicated statutory scheme that are relevant to the parties' contentions are Crim. Proc. §§ 10-105 and -110.

In very broad strokes, § 10-105(a) authorizes courts to grant expungement petitions when: (1) the petitioner was acquitted, the charges were nolle prossed, stetted, dismissed pursuant to Crim. Law § 3-207,[5] or transferred to the juvenile court; (2) the petitioner was convicted "of only one criminal act, and that act is not a crime of violence" and subsequently receives "a full and unconditional pardon by the Governor"; (3) the petitioner was convicted or found to be not criminally responsible for a number of minor, non-violent offenses, *e.g.*, panhandling; or (4) the petitioner was convicted of possession of marijuana pursuant to Crim. Law § 5-601.

The statute also sets time limitations for filing expungement petitions. Crim. Proc. § 10-105(c)(1) provides that a petition for expungement based upon an acquittal, a nolle

---

[5] Crim. Law § 3-207 states:

> (a) On a pretrial motion of the State, a court may dismiss a charge of assault if:
>
> (1) the victim and the defendant agree to the dismissal; and
>
> (2) the court considers the dismissal proper.
>
> (b) The defendant shall pay the costs that would have been incurred if the defendant had been found guilty.

prosequi, or a dismissal for most of the offenses listed in the statute may not be filed within three years of the date of disposition, unless the petitioner files a waiver and release of all tort claims arising from the charge; § 10-105(c)(4) states that an expungement petition based upon a gubernatorial pardon must be filed within ten years of the date that the pardon was signed by the Governor; and § 10-105(c)(8) provides that a petition for a conviction of possession of marijuana may not be filed within four years of the date of conviction. Finally, § 10-105(c)(9) states that "[a] court may grant a petition for expungement at any time on a showing of good cause." Section 10-105(c)(9) is the centerpiece of Mr. S.'s appellate contentions.

Crim. Proc. § 10-110 authorizes courts to grant expungement petitions for a variety of more serious offenses, including felony theft, § 10-110(a)(2)(i), and first-degree burglary, § 10-110(a)(2)(iii). Pertinent to the contentions raised by the parties, § 10-110(c)(3) provides that a petition for expungement of a felony conviction "may not be filed earlier than 15 years after the person satisfies the sentence or sentences imposed for all convictions for which expungement is requested, including parole, probation, or mandatory supervision[.]" Additionally, § 10-110(d)(1) states:

> If the person is convicted of a new crime during the applicable time period set forth in subsection (c) of this section, the original conviction or convictions are not eligible for expungement unless the new conviction becomes eligible for expungement.

As we have noted, in 2005, Mr. S. was convicted of acting as a home improvement contractor without a license in violation of Bus. Reg. § 8-601(a). This offense is not

included in the list of offenses eligible for expungement in either Crim. Proc. § 10-105 or § 10-110.

ANALYSIS

To this Court, Mr. S. first asserts that he has satisfied the statutory criteria for expungement of the 2001 burglary convictions and the 2002 felony theft conviction. This is clearly not correct. As the State points out in its briefs, Mr. S. finished paying the restitution ordered by the court for the burglary conviction in 2018. Fifteen years has not expired since 2018. And, as to both the burglary and the theft convictions, Mr. S. was subsequently convicted of violating Bus. Reg. § 8-601(a). Because this conviction is not eligible for expungement, his theft and burglary convictions are also "not eligible for expungement." Crim. Proc. § 10-110(d)(1).

Mr. S.'s second argument is based on Crim. Proc. § 10-105(c)(9), which gives courts the authority "to grant a petition for expungement at any time on a showing of good cause." He asks us to vacate the circuit court's order and to "remand with instructions to conduct a hearing concerning the issue of good cause." This contention is based on the assumption that subsection (c)(9) grants courts plenary authority to grant petitions for expungement even if the petitioner is unable to satisfy the relevant statutory criteria. We do not agree with Mr. S.'s interpretation of the statute.

Our goal when construing a statute "is to ascertain and effectuate the actual intent of the General Assembly." *Mercer v. Thomas B. Finan Ctr*., 476 Md. 652, 694 (2021) (cleaned up). Statutory construction involves:

an examination of the statutory text in context, a review of legislative history to confirm conclusions or resolve questions from that examination, and a consideration of the consequences of alternative readings. "Text is the plain language of the relevant provision, typically given its ordinary meaning, viewed in context, considered in light of the whole statute, and generally evaluated for ambiguity. Legislative purpose, either apparent from the text or gathered from external sources, often informs, if not controls, our reading of the statute. An examination of interpretive consequences, either as a comparison of the results of each proffered construction, or as a principle of avoidance of an absurd or unreasonable reading, grounds the court's interpretation in reality."

*Blue v. Prince George's County*, 434 Md. 681, 689 (2013) (quoting *Town of Oxford v. Koste*, 204 Md. App. 578, 585-86 (2012), *aff'd*, 431 Md. 14 (2013)).

The first step in this process is to set out the relevant statutory provision in context. Section 10-105(c) states (emphasis added):

(c)(1) Except as provided in paragraph (2) of this subsection, a petition for expungement based on an acquittal, a nolle prosequi, or a dismissal may not be filed within 3 years after the disposition, unless the petitioner files with the petition a written general waiver and release of all the petitioner's tort claims arising from the charge.

(2) A petition for expungement based on a probation before judgment or a stet with the requirement of drug or alcohol abuse treatment may not be filed earlier than the later of:

(i) the date the petitioner was discharged from probation or the requirements of obtaining drug or alcohol abuse treatment were completed; or

(ii) 3 years after the probation was granted or stet with the requirement of drug or alcohol abuse treatment was entered on the docket.

(3) A petition for expungement based on a nolle prosequi with the requirement of drug or alcohol treatment may not be filed until the completion of the required treatment.

(4) A petition for expungement based on a full and unconditional pardon by the Governor may not be filed later than 10 years after the pardon was signed by the Governor.

(5) Except as provided in paragraph (2) of this subsection, a petition for expungement based on a stet or a compromise under § 3-207 of the Criminal Law Article may not be filed within 3 years after the stet or compromise.

(6) A petition for expungement based on the conviction of a crime under subsection (a)(9) of this section may not be filed within 3 years after the conviction or satisfactory completion of the sentence, including probation, that was imposed for the conviction, whichever is later.

(7) A petition for expungement based on a finding of not criminally responsible under subsection (a)(9) or (10) of this section may not be filed within 3 years after the finding of not criminally responsible was made by the court.

(8) A petition for expungement based on the conviction of a crime under subsection (a)(12) of this section may not be filed within 4 years after the conviction or satisfactory completion of the sentence, including probation, that was imposed for the conviction, whichever is later.

(9) *A court may grant a petition for expungement at any time on a showing of good cause*.

The fatal flaw in Mr. S.'s argument lies in his interpretation of the phrase "at any time on a showing of good cause" as used in Crim. Proc. § 10-105(c)(9) to mean at any time and regardless of other limitations, including the limitations imposed by § 10-110. When it is read in context, § 10-105(c)(9) grants courts discretionary authority to relieve a petitioner of the time requirements for filing an expungement petition only as to those circumstances described in the preceding subsections of Crim. Proc. § 10-105(c). *See Baltimore Retail Liquor Package Stores Ass'n v. Kerngood*, 171 Md. 426, 431 (1937) ("'[A] proviso should always be construed with reference to the immediately preceding parts of the clause or section to which it is attached.'" (quoting *Wolf v. Bauereis*, 72 Md.

481, 485 (1890)); *see also Price v. Upper Chesapeake Health Ventures*, 192 Md. App. 695, 708 (2010) (Statutory savings clauses and provisos are "usually strictly construed." (citing 2A Norman J. Singer, et al., SUTHERLAND STATUTORY CONSTRUCTION §§ 47.8 and 47.12 (7th ed. 2008)).

Although Mr. S. asserts to the contrary, our analysis in *State v. Nelson*, 156 Md. App. 558 (2004), reinforces our plain-language interpretation. Nelson was arrested and charged with intent to distribute a controlled dangerous substance, marijuana possession, and theft under $500. *Id*. at 560. He pled guilty to possession of marijuana and entered an *Alford* plea to the theft count. *Id*. at 560-61. The State nol prossed the charge of possession with intent. *Id*. Nelson subsequently sought expungement of the possession with intent charge. *Id*. Following a hearing held five days after Nelson had filed the expungement petition and only two days after the State had been served, the circuit court granted his request. *Id*. The State responded with a "Motion to Vacate Order of Expungement," wherein it argued that it had been entitled to a hearing pursuant to Crim. Proc. § 10-105. *Id*. at 563. The court denied that motion. *Id*.

On appeal, the State argued that the circuit court had erred in holding a hearing on Nelson's petition "prior to the lapse of the time provided in § 10-105(d)(2) for the State to file an objection." *Id.* at 564. Citing the "good cause" provision, then codified as Crim. Proc. § 10-105(c)(5), Nelson countered that the words "at any time" contained therein constituted a "saving clause which renders the notice and hearing provisions merely directory, rather than mandatory." 156 Md. App. at 565. We reversed the judgment of the circuit court, reasoning, in pertinent part:

> Applying the recognized test of statutory construction to the language here under consideration, we cannot agree that the ability of the court to grant expungement "at any time for good cause" is to be read in the abstract. To do so renders the carefully crafted notice and time provisions meaningless.

*Id*. at 566. We further concluded that "[t]o agree with [Nelson]'s position would effectively deprive the public, through its representative, the State's Attorney, the opportunity to oppose petitions for expungement *where, as here, statutory criteria for expungement are lacking*." *Id*. at 567 (emphasis added).

Based upon our analysis in *Nelson*, we conclude that Crim. Proc. § 10-105(c)(9) does not grant a court a *carte blanche* to disregard the statutory prerequisites for expungement. Rather, subsection (c)(9) is properly construed as granting courts the discretion to relieve a petitioner of the time requirements set forth in the immediately preceding eight subsections of § 10-105. Section 10-105(c)(9) does not apply to Mr. S.'s expungement petitions because they were filed pursuant to Crim. Proc. § 10-110. That statute does not contain a provision that grants courts the discretion to grant expungements at any time upon a showing of good cause.

The relevant legislative history confirms our interpretation. In 1975, the General Assembly enacted House Bill 482, codified as Article 27, §§ 735-41, which established a statutory scheme for the expungement of certain police and court records. The statute's stated purposes were "providing for the expungement of certain police and court records, providing procedures for such expungement, prohibiting certain practices concerning criminal charges not resulting in conviction, and relating generally to criminal records."

- 12 -

1975 Md. Laws, Chap. 260. In *Stoddard v. State*, 395 Md. 653, 664 (2006), the Court explained that:

> One of the General Assembly's purposes in providing for an expungement procedure was to help protect individuals seeking employment or admission to an educational institution, by entitling them to expungement of unproven charges, so that those individuals could avoid being unfairly judged during their application processes.[6]

Article 27 § 737 governed eligibility for the expungement of such records, and provided, in pertinent part:

> (a)   If a person is charged with the commission of a crime and
>
> (1)  Is acquitted, or
>
> (2)  The charge is otherwise dismissed or quashed, or
>
> (3)  A judgment of probation without finding a verdict is entered, or
>
> (4)  A nolle prosequi is entered, or
>
> (5)  The proceeding is placed on the stet docket,
>
> he may file a petition setting forth the relevant facts and requesting expungement of both the police records and the court records pertaining to the charge.
>
> \*   \*   \*
>
> (c) The petition may not be filed earlier than three years nor later than eight years after the date the judgment or order was entered or the action was taken which terminated the proceeding. However, the three-year waiting period does not apply to a charge specified in subsection (a)(1) or (a)(2) if a person files, with the petition, a written general waiver and release, in proper legal form, of all claims he may have against any person for tortious conduct arising from the charge.

---

[6] Similar language can be found in *Robert B. v. State*, 193 Md. App. 620, 637 (2010), and *Mora v. State*, 123 Md. App. 699, 715 (1998).

Md. Code (1975), Art. 27, § 737(a) and (c).

As is evident from § 737(a), the General Assembly initially limited the availability of expungements to persons who were never convicted of the crime with which they were charged—and generally only after the expiration of a three-year waiting period.

Section 737 was frequently amended in the years after its enactment. The amendments relevant to the issues raised in this appeal began in 1982, when the General Assembly authorized courts to grant expungement petitions by individuals whose convictions for non-violent crimes were subsequently pardoned by the Governor. The petition had to be filed not less than five years nor more than ten years after the date of the pardon. 1982 Md. Laws Chap. 872. In 1988, the General Assembly amended § 737 by adding the "good cause" proviso now codified as Crim. Proc. § 10-105. 1988 Md. Laws Chap. 592. At the time, that subsection—which immediately followed the provision setting forth the waiting period before a person may seek an expungement—read: "The court may grant a petition for expungement at any time upon a showing of good cause by the petitioner." Md. Code, Art. 27, § 737(d)(2) (1988). Significantly, when this amendment was adopted, § 737 did not permit expungement of any convictions, other than those involving nonviolent offenses for which the petitioner had been granted a "full and unconditional pardon by the Governor." Md. Code Art. 27, § 737(a)(7) (1957, 1988 Supp.).

According to the 1988 Senate Judicial Proceedings Committee Floor Report,[7] the General Assembly intended the amendment "to provide the court with some discretion to grant an earlier expungement in appropriate cases." The Committee went on to explain (emphasis added):

> *It is not unusual for a person to be arrested and perhaps charged with a crime which at the time seemed justified, but later turns out to have been incorrect.* Under current law, that person must wait 3 years to have the record expunged, and during that period adverse consequences can occur, particularly in the case of a young person who is starting, or trying to start, a career. For example, *entry into the Armed Forces could be delayed or even denied because that person must indicate "YES" to the question whether the person has been arrested or charged with a crime.* This is true within the currently required 3-year period, even though the arrest or charging was found to be a mistake.
>
> *This bill does not intend to make it easier for a criminal to expunge the criminal's record,* but it is intended to allow the court some latitude by placing within the court's discretion the authority to expunge a record when sufficiently good reason for doing so is presented.

Legislative Bill File, S.B. 429 at 6.

The floor report suggests that the General Assembly intended the 1988 amendment to what is now Crim. Proc. § 10-105(c)(9) to authorize courts to waive the time requirements set forth in Crim. Proc. § 10-105(c)(1) through (c)(8) for good cause shown.[8]

---

[7] *See Blackstone v. Sharma*, 461 Md. 87, 130 (2018) (characterizing floor reports as "key legislative history document[s].").

[8] Moreover, as we will soon explain, Crim. Proc. § 10-110 was not in existence in 1988.

Effective October 1, 2001, Article 27, § 737 was repealed, reenacted, and recodified without substantive change as Crim. Proc. § 10-105, thereby continuing to authorize the expungement of *convictions* only for nonviolent crimes which the Governor had unconditionally pardoned. Next, in 2008, Crim. Proc. § 10-105 was amended to add subsection (a)(9), which as we have explained, provides for the expungement of convictions or a finding of not criminally responsible for a number of minor nuisance crimes such as panhandling, drinking an alcoholic beverage in a public place, and loitering.

The Senate Judicial Proceedings Committee Floor Report explained that Crim. Proc. § 10-105(a)(9) was intended to permit "destitute and homeless persons . . . to escape the collateral consequences or civil disabilities of such convictions." Legislative Bill File, S.B. 695 at 8.

Contemporaneously with its adoption of Crim. Proc. § 10-105(a)(9), the General Assembly imposed a corresponding time requirement, which provided:

> A petition for expungement based on the conviction of a crime under subsection (a)(9) of this section may not be filed within 3 years after the conviction or satisfactory completion of the sentence, including probation, that was imposed for the conviction, whichever is later.

Md. Code, Crim. Proc. § 10-105(c)(6) (2001). As with the waiting periods for records relating to dispositions of charges not involving convictions, subsection (c)(6) was subject to the "good cause" exception then recodified as Crim. Proc. § 10-105(c)(7).

In 2016, the General Assembly enacted the Justice Reinvestment Act, which, among other things, added § 10-110 to the Criminal Procedure Article. *See* 2016 Md. Laws, Chap.

515.[9] In contrast to Crim. Proc. § 10-105, which primarily conditions expungement eligibility on the disposition of the charges, Crim. Proc. § 10-110(a) provides for the

---

[9] After it enacted the Justice Reinvestment Act, the General Assembly has passed legislation pertaining to expungements on several occasions:

In 2017, the General Assembly added battery to the common law misdemeanor convictions eligible for expungement pursuant to then Crim. Proc. § 10–110(a)(25). *See* 2017 Md. Laws, Chap. 703. In a corresponding amendment, "common law battery" was included among those convictions eligible for expungement "15 years after the person satisfies the sentence or sentences imposed for all convictions for which expungement is requested[.]" *Id*.

A 2018 amendment permitted the expungement of convictions for first, second, and third-degree burglary, felony theft, and possession with intent to distribute a controlled dangerous substance under Crim. Law § 5–602(2) after the expiration of a 15-year waiting period. *See* 2018 Md. Laws, Chap. 143.

In 2019, the General Assembly added a twenty-sixth category of expungement-eligible misdemeanor convictions—specifically, for violations of certain maritime laws—and permitted expungement of an increased number of prostitution-related convictions. *See* 2019 Md. Laws, Chap. 599 and Chap. 600.

In 2021, the General Assembly twice amended Crim. Proc. § 10–110. The first such amendment made fourth-degree burglary expungable. *See* 2021 Md. Laws, Chap. 31. The second added another category of expungement-eligible misdemeanors, thereby permitting the expungement of convictions for driving while the privilege to do so has been suspended, cancelled, refused, or revoked. *See* 2021 Md. Laws, Chap. 620.

Additionally, in 2021, the General Assembly enacted Crim. Proc. § 10–105.1, which provides for the expungement within three years of records maintained by State and local agencies relating to (i) charges for possession of marijuana pursuant to Md. Code, Crim. Law § 601(c)(2)(ii) and (ii) must-appear violations of the Transportation Article, "if no charge in the case resulted in a disposition other than: (1) acquittal; (2) dismissal; (3) not guilty; or (4) nolle prosequi, except nolle prosequi with a requirement of drug or alcohol treatment." *See* 2021 Md. Laws, Chap. 680.

In 2022, the General Assembly reduced the waiting period for an individual convicted of possession with intent to distribute cannabis in violation of Crim. Law § 5–602 to file an expungement petition to "3 years after the person satisfies the sentence or sentences

- 17 -

expungement of convictions for specifically enumerated offenses, including 27 misdemeanors and three felonies. Conspicuously absent from § 10-110 is a provision conferring upon courts the authority to grant expungement petitions at any time for good cause shown. This suggests that the General Assembly intended to restrict the exercise of this discretion to petitions filed pursuant to Crim. Proc. § 10-105. *Compare Gardner v. State*, 420 Md. 1, 11 (2011) ("[W]here Congress includes particular language in one section of a statute but omits it in another . . ., it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." (quoting *Keene Corp. v. United States*, 508 U.S. 200, 208 (1993))), *with Mayor & City Council of Balt. v. Chase*, 360 Md. 121, 129 (2000) ("In attempting to harmonize [two statutes], we presume that, when the Legislature enacted the later of the two statutes, it was aware of the one earlier enacted." (quoting *Cicoria v. State*, 332 Md. 21, 43 (1993)).

Finally, we consider the interpretive consequences of accepting Mr. S.'s proposed construction of Crim. Proc. § 10-105(c)(9). His interpretation would make meaningless surplusage of the time limitations set out in § 10-110(c)(1)–(3).[10] Mr. S.'s proffered

---

imposed for all convictions for which expungement is requested[.]" 2022 Md. Laws, Chap. 26 § 5. This amendment is "contingent on the passage of Chapter 45 (H.B. 1) of the Acts of the General Assembly of 2022, a constitutional amendment, and its ratification by the voters of the State." 2022 Md. Laws, Chap. 26, § 14.

[10] Crim. Proc. § 10-110(c)(1) sets out a general requirement that petitions for expungements for the offenses listed in § 10-110 may not be filed "earlier than 10 years after the person satisfies the sentence or sentences imposed for all convictions for which expungement is requested[.]" Section 10-110(c)(2) and (c)(3) set out fifteen year waiting

interpretation of § 10-105(c)(9) would also render meaningless § 10-110(d), which provides "if the person [seeking expungement] is convicted of a new crime during the applicable time period set forth in subsection (c) of this section, the original conviction or convictions are not eligible for expungement unless the new conviction becomes eligible for expungement."

In our view, the plain text of the statute, the legislative history, the relevant case law, and a consideration of the interpretative consequences all point to the conclusion that the General Assembly did not intend the "good cause" proviso in Crim. Proc. § 10-105 to apply to expungement petitions filed pursuant to Crim. Proc. § 10-110.

We affirm the judgments of the circuit court.

**APPEAL NO. 607, 2021 TERM:**

**THE JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE COUNTY IS AFFIRMED. APPELLANT TO PAY COSTS.**

**APPEAL NO. 608, 2021 TERM:**

**THE JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE COUNTY IS AFFIRMED. APPELLANT TO PAY COSTS.**

---

periods for filing expungement petitions for common law battery, the domestically related crimes law specified in Crim. Proc. § 6-233, and felonies.

The correction notice(s) for this opinion(s) can be found here:

https://mdcourts.gov/sites/default/files/import/appellate/correctionnotices/cosa/0607s21cn.pdf

https://mdcourts.gov/sites/default/files/import/appellate/correctionnotices/cosa/0607s21cn2.pdf